OPINION.
{¶ 1} Appellant, Dolores D. Garner, appeals from a judgment of the Trumbull County Court of Common Pleas convicting her of one count of theft by deception and one count of tampering with records. Because there is no final appealable order in this case, we sua sponte dismiss appellant's appeal.
 {¶ 2} Appellant was secretly indicted by the Trumbull County Grand Jury on one count of theft by deception in violation of R.C. 2912.02(A)(3), and one count of tampering with records in violation of R.C. 2913.42(A)(1) and (B)(1)(b). According to the indictment, appellant improperly received government benefits after submitting false information to the Trumbull County Department of Job and Family Services ("TCDJFS") on her benefits application.
 {¶ 3} After appellant entered a plea of not guilty, the matter proceeded to a jury trial beginning on December 10, 2001. The jury considered the evidence and returned two separate verdicts finding appellant guilty of both charges. The trial court then issued a written judgment entry in which the court sentenced appellant to five years of community control, with the following conditions: (1) that appellant pay court costs; (2) that appellant serve sixty days in the Trumbull County Jail; (3) that appellant pay restitution in the amount of $3,486 to TCDJFS; and (4) that appellant pay a monthly probation supervision fee.
 {¶ 4} From this decision, appellant filed a notice of appeal with this court. She now argues under her sole assignment of error that her convictions were against the manifest weight of the evidence.
 {¶ 5} Crim.R. 32(C) provides that:
 {¶ 6} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 7} "Absent the imposition of sentence on each and every offense for which [a defendant] was convicted, there is no final appealable order." State v. Collins (Oct. 18, 2001), 8th Dist. No. 79064, 2001 WL 1243943, at 1. See, also, State v. Glavic (2001), 143 Ohio App.3d 583,588 (holding that a sentence was invalid because it did not include a specific sentence for each of the nine convictions); State v. Brown
(1989), 59 Ohio App.3d 1, 2 (holding that there was no final appealable order where the trial court failed to render a signed judgment with respect to the second count in a two-count indictment); Cleveland v.Makris (May 5, 1994), 8th Dist. Nos. 62632, 62633, and 62634, 1994 WL 173718, at 2 (holding that there is no final appealable order until the trial court imposes sentences for each of the twenty-one charges); Statev. Yingling (Dec. 30, 1993), 6th Dist. No. L-93-076, 1993 WL 551527, at 2.
 {¶ 8} Appellant, however, submits that when a court sentences an offender to serve community control sanctions, the court cannot bifurcate the sentences if there is more than one count. In other words, she maintains that the trial court in this case was not required to impose a separate sentence for each crime as the court only intended for her to serve a total of five years under community control supervision. We disagree.
 {¶ 9} Nowhere in R.C. 2929.15, which governs community control sanctions, does it state that if a court chooses to sentence a person to something other than a prison term the court may only impose a single term, regardless of the number of charges. In fact, at least one court has held that a court may impose consecutive sentences of community control on a criminal defendant who has been found guilty of multiple felony offenses. State v. Culgan, 147 Ohio App.3d 19, 2001-Ohio-1944, at ¶ 28. But, see, State v. Lehman (Feb. 4, 2000), 6th App. No. L-99-1140, 2000 WL 125795, at 1-2 (holding that community control sanctions for different offenses cannot be ordered to be served consecutively).
 {¶ 10} Here, the trial court imposed only a single sentence despite the fact that the jury found appellant guilty of two different crimes. This not only leaves one of the offenses without a sentence, but it also prevents this court from determining to which offense the given sentence actually applies. As a result, there is no final appealable for this court to review.
 {¶ 11} Pursuant to the foregoing analysis, we are unable to address the merits of appellant's assignment of error at this time. Appellant's appeal, therefore, is hereby sua sponte dismissed.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.