JOURNAL ENTRY and OPINION
{¶ 1} Appellant Oliver Price appeals pro se from the trial court's denial of his motion to vacate his sentence. Price assigns the following error for review:
 {¶ 2} "I. Trial court lacked jurisdiction absent grand jury foremans [sic] signature subscribed to alleged indictment over subject matter afore mentioned [sic]."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the trial court's denial of Price's motion. The apposite facts follow.
 {¶ 4} Price was convicted of murder and two counts of aggravated robbery all of which contained firearm specifications. Price appealed his convictions, which this court affirmed.[1]
 {¶ 5} On July 15, 2003, Price filed a motion to vacate his sentence, arguing his indictment was a nullity because it was not signed by the grand jury foreman and was not endorsed with the words "true bill." Attached to his motion were photocopied depictions of his multi-count indictment. Price's motion was denied by the trial court without opinion on August 1, 2003.
 {¶ 6} In his sole assigned error, Price argues the trial court erred by denying his motion to vacate. He contends his indictments were null and void because they were never signed by the grand jury foreman and did not have the words "true bill" stamped on them. We find no merit to Price's contentions.
 {¶ 7} Although Price contends we should review his argument for plain error because his attorney never objected to the indictment prior to trial, we find res judicata prevents such a review.
 {¶ 8} Issues which have been or could have been raised and fully litigated before the judgment of conviction or on direct appeal without resort to evidence dehors the record and are barred from consideration in post-conviction proceedings by the doctrine of res judicata.[2] Price could have raised his argument on direct appeal because the indictment is part of the record and therefore does not involve evidence dehors the record. Although we are aware that an argument that the court lacked subject matter jurisdiction cannot be barred by res judicata, contrary to Price's contention, a grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction.[3] "The manner by which an accused is charged with a crime, whether by indictment returned by a grand jury or by information filed by the prosecuting attorney, is procedural rather than jurisdictional."[4]
 {¶ 9} Further, even if res judicata did not apply, a review of the official court record indicates that Price's indictment was indeed signed by the grand jury foreman and did have the words "true bill" stamped on the top. Price's copy of the multi-count indictment attached to his motion cuts off the bottom of the pages; thus, the signatures are cut off. However, the indictment in the court's file contains both the grand jury foreman's signature and the prosecuting attorney's signature; consequently, Price's assigned error is overruled.
 {¶ 10} The judgment is affirmed.
Judgment affirmed.
 Gallagher and Calabrese, Jr., JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] State v. Price (May 2, 1985), Cuyahoga App. No. 48913.
[2] State v. Cole (1982), 2 Ohio St.3d 112; State v. Perry
(1967), 10 Ohio St.2d 175.
[3] Vanbuskirk v. Wingard, 80 Ohio St.3d 659, 1998-Ohio-173.
[4] The State ex. rel. Beaucamp v. Lazaroff (1997),77 Ohio St.3d 237.