JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Otis Hicks, appeals his convictions for carrying a concealed weapon and tampering with evidence. We dismiss this appeal, however, for lack of a final order.
 {¶ 2} The record reveals that a three-count indictment was returned against appellant, charging him with (1) carrying a concealed weapon, in violation of R.C. 2923.12; (2) tampering with evidence, in violation of R.C. 2921.12; and (3) possession of criminal tools, in violation of R.C. 2923.24. Appellant waived his right to a jury trial and the case proceeded to trial by the bench.
 {¶ 3} The trial court eventually found appellant guilty of carrying a concealed weapon and tampering with evidence, but not guilty of the possession-of-criminal-tools charge. In its journal entry[1] sentencing appellant, the court reiterated its earlier judgment of conviction for both of the aforementioned offenses. Continuing, the journal entry provides:
 {¶ 4} "The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that [appellant] is sentenced to 4 years of community control, under the supervision of the Adult Probation Department with the following condition(s): [Appellant] to abide by the rules and regulations of the Probation Department. [Appellant] to perform 200 hours of court community work service at the minimum rate of 40 hours/month; enter and complete carrying concealed weapon program; [appellant] forbidden to own or possess a gun."
 {¶ 5} The court thereafter informed appellant of the consequences of violating the terms of probation and ordered him to pay costs. The order does not state, however, which conviction is subject to community control sanctions nor does it impose sentence for the remaining conviction.
 {¶ 6} Crim.R. 32(B) imposes a mandatory duty upon the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge prosecuted. SeeState v. Brown (1989), 59 Ohio App.3d 1, 2. A trial court's order that fails to impose sentence for an offense for which the offender was found guilty not only violates this rule, but renders the resultant order non-final and not immediately reviewable. See State v. Collins (Oct. 18, 2001), Cuyahoga App. No. 79064, 2001 Ohio App. Lexis 4666.
 {¶ 7} Accordingly, this appeal is dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., Concur
[1] Although the transcript of the sentencing hearing may shed some light on what actually transpired at the hearing, it is not included in the transcript of the proceedings in the record before us. Notwithstanding its omission, a sentence pronounced at hearing that is not journalized is not a final order. See App.R. 4(B); see, e.g., State ex rel. White v. Junkin (1997),80 Ohio St.3d 335.