JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant Darla Cooper claims that the trial court made erroneous evidentiary rulings and that her conviction is not supported by sufficient evidence. We cannot address these errors, however, and must dismiss the appeal for lack of a final order.
 {¶ 2} On May 15, 2003, a seven-count indictment was returned against defendant, charging her with three counts of forgery in violation of R.C. 2913.31; three counts of uttering in violation of R.C. 2913.31; and one count of identity theft in violation of R.C. 2913.49.
 {¶ 3} On March 19, 2004, the jury returned guilty verdicts on the three counts of forgery and three counts of uttering as charged in the indictment. The identity theft count was dismissed by the trial court pursuant to defendant's Crim.R. 29 motion. Defendant was sentenced to one year of community controlled sanctions and 50 hours of community work service. The order does not state, however, which conviction is subject to community controlled sanctions nor does it impose sentence for the remaining convictions.
 {¶ 4} Crim.R. 32(C) imposes a mandatory duty upon the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge prosecuted. See State v. Brown (1989),59 Ohio App.3d 1, 2; State v. Hicks, Cuyahoga App. No. 84418,2004-Ohio-6113. A trial court's order that fails to impose sentence for an offense for which the offender was found guilty not only violates this rule, but renders the resultant order non-final and not immediately reviewable. State v. Hicks, supra; State v. Collins (Oct. 18, 2001), Cuyahoga App. No. 79064.
 {¶ 5} Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., concur.