JOURNAL ENTRY and OPINION
{¶ 1} After a trial to the bench, defendant-appellant Michael Waters appeals from his convictions on two counts of felonious assault and one count of possession of criminal tools.
 {¶ 2} Waters argues that his convictions are unsupported by the weight of the evidence; he contends the evidence supports, at most, the crime of aggravated assault, which the trial court failed to consider. Waters additionally argues that testimony indicating he failed to provide a statement to the detective who investigated the incident compromised his right to a fair trial.
 {¶ 3} Following a review of the record, this court cannot address the merits of Waters' arguments. The record reflects the trial court committed errors which deprive this court of jurisdiction to consider the appeal.
 {¶ 4} The appeal must be dismissed because, although the journal entry is to the contrary, the record reflects the trial court found Waters guilty of only two counts of a three count indictment, and because the trial court failed to pronounce sentence on each count in accordance with Crim. R. 32(C).
 {¶ 5} Waters' conviction results from an altercation that occurred at a Rocky River apartment complex in the early morning hours of July 10, 2004. Waters earlier had argued with the victim, James Sweeney; Sweeney testified that approximately forty-five minutes after the argument, he exited the front door of the building, and, immediately, Waters, who was standing just outside, struck him in the forehead with a glass beer mug. Sweeney sustained a skin laceration that required several sutures to close.
 {¶ 6} Waters subsequently was indicted on three counts. Count one charged him with felonious assault upon Sweeney in violation of R.C. 2903.11(A)(1), count two charged him with felonious assault upon Sweeney in violation of R.C. 2903.11(A)(2), and count three charged him with possession of criminal tools, to wit: a glass beer mug, in violation of R.C. 2923.24.
 {¶ 7} Waters eventually signed a waiver of his right to a jury trial. After listening to the testimony of the state's witnesses, the defense witnesses, and Waters himself, the trial court stated it had "considered all the evidence carefully and [was] going to find the defendant guilty of both counts of the indictment." (Emphasis added.) The trial court at that time referred Waters for a presentence report.
 {¶ 8} When Waters' case was called for sentencing, the trial court pronounced sentence in the following terms:
 {¶ 9} "* * * I made my decision based on the testimony which I heard in this court.
 {¶ 10} "The minimum sentence is three years which I will impose but I will suspend imposition of that sentence. You will then have the three years of community-control sanctions * * *.
 {¶ 11} "You must do 100 hours of community work service. You must continue with your outpatient alcohol treatment which will be monitored and controlled by the probation department.
 {¶ 12} "You have to maintain full-time verifiable employment, attend anger management counseling, and have no contact with the victim in this case. * * *
 {¶ 13} "The problem you have here is if you violate, the minimum sentence is three years. * * *"
 {¶ 14} In pertinent part, the trial court's journal entry of sentence states: "the court returned a verdict of guilty of felonious assault/2903.11-F2 as charged in count(s) 1, 2," and further, "returned a verdict of guilty of possessing criminal tools/2923.24-F5 as charged in count(s) 3. * * * The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to 3 year(s) of community control * * *." The entry additionally indicates Waters' failure to comply with the conditions imposed "may result in more restrictive sanctions or a prison term of 3 year(s) as provided by law."
 {¶ 15} Waters has filed a timely appeal of his convictions, and presents two assignments of error, as set forth previously. This court, however, cannot consider them.
 {¶ 16} Crim. R. 32(C) provides that a "judgment of conviction shall set forth * * * the verdict or findings, and the sentence." Thus, absent either a specific finding of guilt or the imposition of sentence on each and every offense for which a defendant is convicted, no final appealable order exists. State v. Garner, Trumbull App. No. 2002-T-0025,2003-Ohio-5222 at ¶ 7, citing State v. Collins (Oct. 18, 2003), Cuyahoga App. No. 79064. Without a final appealable order, this court lacks jurisdiction to hear this appeal.
 {¶ 17} In Garner at ¶ 8, relying on this court's opinion in Collins,
the Eleventh District rejected the argument that "when a court sentences an offender to serve community control sanctions, the court cannot bifurcate the sentences if there is more than one count."
 {¶ 18} Instead, the opinion in Garner noted at ¶ 9 that "[n]owhere in R.C. 2929.15, which governs community control sanctions, does it state that if a court chooses to sentence a person to something other than a prison term the court may impose only a single term, regardless of the number of charges." Such a procedure "not only leaves one of the offenses without a sentence, but it also prevents th[e appellate] court from determining to which offense the given sentence actually applies. As a result, there is no final appealable [order] for the appellate] court to review." Id., at ¶ 10.
 {¶ 19} Needless to say, this court adheres to the same analysis. Thus, in State v. Hicks, Cuyahoga App. No. 84418, 2004-Ohio-6113, at ¶ 6, this court reminded the trial court that pursuant to Crim. R. 32(C), the duty to set forth the verdict or finding and the sentence for each and every criminal charge is "mandatory;" therefore, an order that "fails to impose sentence for an offense for which the offender was found guilty not only violates this rule, but renders the resultant order non-final and not immediately appealable."
 {¶ 20} As a reminder, this court further notes that, at the conclusion of trial, by failing to pronounce on the record its findings as to all three counts of the indictment in the defendant's presence, the trial court violated Crim. R. 43(A). See, e.g., State v. Henson, Champaign App. No. 2002 CA 21, 2003-Ohio-4426, ¶ 7-9.
 {¶ 21} The journal entry of Waters' sentence is defective, since it neither states which conviction is subject to community control sanctions, nor imposes a sentence for each conviction. It, therefore, does not constitute a final appealable order. State v. Hicks, supra.
 {¶ 22} Consequently, this appeal is dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. concurs McMonagle, J. dissents (see attached dissentingopinion)
 DISSENTING OPINION