[Cite as *State v. Goldsberry*, 2009-Ohio-6026.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

**STATE OF OHIO,**                                      CASE NO. 14-07-06

    **PLAINTIFF-APPELLEE,**

    **v.**

**MICHAEL GOLDSBERRY,**                          **O P I N I O N**

    **DEFENDANT-APPELLANT.**

**Appeal from Union County Common Pleas Court**
**Trial Court No. 05 CR 08**

**Judgment Affirmed**

**Date of Decision: November 16, 2009**

**APPEARANCES:**

    *Allison Boggs* **for Appellant**

    *Terry L. Hord* **for Appellee**

**PRESTON, P.J.**

{¶1} Defendant-Appellant, Michael E. Goldsberry, appeals the judgment of the Union County Court of Common Pleas sentencing him to a sixty-month prison term. We affirm.

{¶2} In January 2005, the Union County Grand Jury indicted Goldsberry on five (5) counts of nonsupport of dependents in violation of R.C. 2919.21(A)(2), felonies of the fifth degree, and on five (5) counts of nonsupport of dependents in violation of R.C. 2919.21(B), all felonies of the fifth degree. Subsequently, Goldsberry entered a plea of not guilty as to all counts in the indictment.

{¶3} In March 2005, Goldsberry withdrew his plea of not guilty and entered a plea of guilty as to all counts in the indictment. The trial court accepted Goldsberry's guilty plea and sentenced him to three years of community control, stating that:

> **The Court finds that [Goldsberry] has been convicted of: Five counts of Nonsupport of Dependants in violation of Ohio Revised Code Section 2919.21(A)(2), and Five counts of Nonsupport of Dependants in violation of ORC 2919.21(B), each a felony of the fifth degree.**
> **It is therefore ORDERED: [Goldsberry] be and hereby is placed on 3 years of Community Control[.]**
> **\* \* \***
> **The Court further finds that the Court has notified the Defendant in writing and orally that if the conditions of community control are violated, the Court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the Defendant and the**

**Court hereby indicates that in the event the Court does impose a prison sentence on the offender if he/she violates community control, the Court has indicated the Defendant could receive a maximum prison term of up to 120 months.**

(Mar. 23, 2005 JE, pp. 1-2, Doc. No. 18).

{¶4} In November 2005, the trial court held a community control violation hearing and found that Goldsberry had violated the terms of his community control. The trial court then ordered Goldsberry to complete an additional one-hundred (100) hours of community service. Additionally, the trial court stated that "[t]he Defendant is advised that if he violates any of the terms or conditions of community control, the Court may impose a more restrictive community control or the Defendant will be sent to prison for one hundred twenty (120) months." (Nov. 3, 2005 JE, pp. 1-2, Doc. No. 29).

{¶5} In January 2007, the trial court held a second community control violation hearing and found that Goldsberry had again violated the terms of his community control. The trial court then sentenced Goldsberry to a six-month prison term on each conviction of nonsupport of dependents, to be served consecutively, for a total prison term of sixty months, from which Goldsberry appealed to this Court.

{¶6} In October 2007, this Court dismissed Goldsberry's appeal in *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2007-Ohio-5493 (*Goldsberry I*), finding that

the judgment entry issued by the trial court did not constitute a final appealable order.

{¶7} In December 2008, the Supreme Court of Ohio reversed our decision without discussion in *Goldsberry I* and remanded the matter for this Court to rule on the merits of Goldsberry's assignment of error. See *State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103 (*Goldsberry II*).

{¶8} On remand, Goldsberry presents the following assignment of error for our review.

> **THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AT APPELLANT'S SECOND PROBATION VIOLATION HEARING WHEN THE COURT FAILED TO NOTIFY APPELLANT OF A SPECIFIC SENTENCE AT BOTH HIS ORIGINAL SENTENCING HEARING AND AT HIS FIRST PROBATION VIOLATION HEARING.**

{¶9} In his sole assignment of error, Goldsberry argues that the trial court erred when it imposed a prison sentence at his second community control violation hearing because it failed to notify him of the specific sentence it would sanction at both his original sentencing hearing **and** at his first community control violation[1] hearing should he violate the terms and conditions of his community control. Additionally, Goldsberry argues that, because the trial court stated that, upon a

---

[1] With respect to the first community control hearing, Goldsberry specifically argues that "[h]e did violate the terms of his community control, which gave the court a second opportunity to rectify the problem of advising him of a specific prison sentence should he violate again, but the court only added the condition that he complete an addition 100m [sic] hours of community control should he violate again." (Appellant's Brief at 4).

violation of the terms of community control, it would sentence him to an aggregate one hundred twenty-month prison term, but then sentenced him to an aggregate sixty-month prison term after his second community control violation, it is evident that the trial court never intended a one hundred twenty-month prison term to be the specific sentence it would impose. We find these arguments meritless.

{¶10} R.C. 2929.15(B) provides, in pertinent part:

> **The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the *notice* provided to the offender at the sentencing hearing pursuant to division (B)[(5)] of section 2929.19 of the Revised Code.**

(Emphasis added). R.C. 2929.19(B)(5) provides, in pertinent part:

> **The court shall *notify* the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender *and shall indicate the specific prison term that may be imposed as a sanction for the violation*, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.**

(Emphasis added).

{¶11} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Supreme Court of Ohio held that, in order to comply with R.C. 2929.19(B)(5), "[t]he judge should not simply notify the offender that if the community control conditions are violated, he or she will receive 'the maximum,'

or a range, such as 'six to twelve months,' or some other indefinite term, such as 'up to 12 months.'" Id. at ¶19. Instead, "[t]he judge is required to notify the offender of the 'specific' term the offender faces for violating community control." Id. Additionally, the Court in *Brooks* held that, when a trial court fails to provide proper notice of a specific term to the offender, "[t]he matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶33. Although a prison term is not an option at the resentencing, the trial court may choose to impose a longer time under the same sanction or impose a more restrictive sanction. See id at ¶33.

{¶12} Additionally, the trial court may, at the time of resentencing, notify the offender of a specific prison term that will be imposed should he violate the terms of community control again. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E2d 995, ¶¶17-18. As the Supreme Court of Ohio stated in *Fraley*:

> **The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. The trial court could therefore comply with both the sentencing statutes and our holding in *Brooks* if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing. We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B).**

(Internal citations omitted.) 2004-Ohio-7110, at ¶17. See, also, *State v. Moton*, 5th Dist. No. 2006 CA 0081, 2007-Ohio-6796, appeal not allowed by *State v. Moton*, 117 Ohio St.3d 1461, 2008-Ohio-1635, 884 N.E.2d 69.

**{¶13}** Finally, where an offender is properly notified of a specific prison term that will be imposed upon a community control violation, the offender violates the terms of his community control, and the trial judge chooses to impose a prison term, the "term imposed may not exceed the term the offender was originally notified of under R.C. 2929.19(B)(5)." *Brooks*, 2004-Ohio-4746, at ¶22. However, "[b]ecause the trial judge is not required to choose a prison term under R.C. 2929.15, it follows that the trial judge could choose to impose a lesser term of imprisonment than the one the offender was informed of under R.C. 2929.19(B)(5)." Id.

**{¶14}** Here, Goldsberry first argues that the trial court erred when it imposed a prison sentence at his second community control violation hearing because it failed to notify him of a specific sentence at both his original sentencing hearing and at his first community control violation hearing. Goldsberry is correct that, under *Brooks*, the trial court's initial sentencing entry incorrectly advised him that, if he violated his community control, he could receive a maximum prison term of "up to 120 months." (Mar. 3, 2005 JE, Doc. No. 18). However, after Goldsberry's first community control violation, the trial court specifically stated in

its judgment entry[2] that: "[t]he Defendant is advised that if he violates any of the terms or conditions of community control, the Court may impose a more restrictive community control or the Defendant *will be* sent to prison for one hundred twenty (120) months." (Nov. 3, 2005 JE, pp. 1-2, Doc. No. 29). Pursuant to *State v. Fraley*, the trial was permitted to remedy its failure to provide Goldsberry with proper notice under R.C. 2929.19(B)(5) at his initial sentencing by properly advising Goldsberry at his community control violation hearing of the specific term that it may impose should he violate community control *again*. 105 Ohio St.3d 13, 2004-Ohio-7110, at syllabus. Goldsberry was sentenced to sixty (60) months imprisonment for his *second* community control violation, which was after the trial court had provided proper notice of the specific prison term it would impose if he violated his community control at his *first* community control violation hearing. Therefore, pursuant to *Fraley*, the trial court did not err in sentencing Goldsberry after it provided him proper notice under R.C. 2929.19(B)(5) at his first community control violation hearing. 2004-Ohio-7110.

{¶15} Goldsberry next argues that, because the trial court stated that, upon violation of the terms of community control, it would sentence him to a one hundred twenty-month prison term, but then later sentenced him to a sixty-month

---

[2] Goldsberry has not provided a transcript of the Nov. 3, 2005 community control violation hearing, so the record does not indicate whether the trial court also orally advised Goldsberry of the reserved 120-month sentence. We, therefore, presume the regularity of the proceedings as to this issue. See, e.g., *State v. Schaffer*, 3d Dist. No. 4-08-07, 2008-Ohio-6183, ¶11.

prison term after his second community control violation, it is evident that the trial court never intended a one hundred twenty-month prison term to be the specific sentence it would impose. We, again, disagree. *Brooks* is very clear that, although a trial judge may not impose a prison term exceeding the term of which the offender was originally notified, the trial judge may choose to impose a lesser term of imprisonment. 2004-Ohio-4746, at ¶22. Therefore, the trial judge was permitted to impose a sixty-month term instead of a one hundred twenty-month term, and we reject Goldsberry's argument that this decision invalidated the trial court's proper notification under R.C. 2929.19(B)(5).

{¶16} The dissent asserts that the trial court's original sentencing entry and subsequent sentencing entry failed to notify Goldsberry what specific prison term it would impose on *each* of the ten (10) counts in the indictment should he violate his community control. The dissent argues that the trial court erred by informing Goldsberry of a "lump sum" prison term it *would* impose as to all ten (10) counts, i.e. "120 months." Goldsberry did not argue this on appeal; rather, the dissent has raised it *sua sponte*, presumably as plain error. However, we believe the finality of res judicata bars the dissent's raising of plain error herein as Goldsberry never filed a direct appeal from his original sentencing. See, e.g., *State v. Wilson* (June 9, 1989), 6th Dist. No. L-88-270; *State v. Evans* (May 16, 1990), 9th Dist. No. 89CA004587; *State v. Moore* (Mar. 12, 1992), 8th Dist. No. 62411; *State v.*

*Gaston*, 8th Dist. No. 82628, 2003-Ohio-5825; *State v. Price*, 8th Dist. No. 83344, 2004-Ohio-1910.

{¶17} Even if plain error could be raised at this point, we recognize plain error "'"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Landrum* (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710, quoting *State v. Long* (1978) 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. *State v. Waddell* (1996), 75 Ohio St.3d 163, 166, 661 N.E.2d 1043, citing *State v. Moreland* (1990), 50 Ohio St.3d 58, 552 N.E.2d 894. We cannot conclude that the trial court's notice of the "lump sum" sentence that it would impose should Goldsberry violate his community control constitutes plain error *in this case*.

{¶18} The Court in *Brooks* acknowledged that "there are some situations in which * * * something less than strict compliance [with R.C. 2929.19(B)(5)'s notice requirement] will suffice." 2004-Ohio-4746, at ¶32. The Court found that, in some cases, "the statements made at the plea hearing or *other notifications* to the offender *may* be used to *clarify and supplement* what is said at the sentencing

hearing to the offender." *Brooks* at ¶18 (emphasis in original and added). The Court also provided one such factual scenario that would not require strict compliance:

> **One such situation would involve an offender who is informed prior to sentencing (e.g., at a plea hearing) what the specific maximum term would be, and then at sentencing, the trial court definitively states that it will impose "the maximum" prison term if community control is violated, without stating what the maximum is. It would be overly rigid in that case to find that the offender's knowledge of the maximum term for the offense would not satisfy the notice requirement of R.C. 2929.19(B)(5).**

*Brooks* at ¶32.

{¶19} Goldsberry was charged with ten (10) counts of nonsupport of dependents, *all* fifth degree felonies with possible prison terms of six (6) to twelve (12) months on each count. (Doc. No. 1); R.C. 2919.21(A)(2), (B); R.C. 2929.14(A)(5). Throughout the proceedings, Goldsberry had notice that each of the ten (10) counts carried a possible term of 6 to 12 months imprisonment. For example, Goldsberry was informed at the arraignment "that Nonsupport of Dependents, a fifth degree felony, could result in a prison term of 6, 7, 8, 9, 10, 11, or 12 months * * * on each count." (Doc. No. 5). In his entry withdrawing his plea of not guilty, Goldsberry acknowledged that he was charged with ten (10) counts of nonsupport of dependents, all fifth degree felonies, and that he understood "the nature of the charges and that the potential sentencing range on a fifth degree felony is 6 months up to 12 months * * * on each count." (Doc. No.

15). Goldsberry was further advised that if he was "granted community control at any point in [his] sentence and if [he] violate[d] any of the conditions imposed, [he] may/will be given a longer period through court control, greater restrictions, or up to and including a prison term of 6 to 12 months on each fifth degree felony." (Id.).

{¶20} At the November 2005 community control violation hearing, the trial court advised Goldsberry that he would be "sent to prison for one hundred twenty (120) months" if he violated the terms or conditions of his community control. (Nov. 3, 2005 JE, Doc. No. 29). The trial court's notice of a lump sum of 120 months imprisonment at this hearing cannot be viewed in a vacuum. Rather, the trial court's hearing notice must be viewed in light of the "other notifications" Goldsberry received and the fact that he pled guilty to ten (10) counts—all fifth degree felonies with the same maximum potential term of 12 months imprisonment. *Brooks*, 2004-Ohio-4746, at ¶18. Effectively, Goldsberry had notice that the trial court was reserving 12 months on each of the ten (10) counts based upon the prior notification and the fact that 120 months divided by 10 (the number of counts) equals 12 months per count, which is the only possible way to divide the 120 months that the trial court reserved. Therefore, we cannot conclude that the trial court committed plain error when Goldsberry had sufficient notice of the trial court's reserved prison term as to each count pursuant to R.C. 2929.15(B) and 2929.19(B)(5) as interpreted under the *Brooks* strict compliance exception.

2004-Ohio-4746, at ¶¶18, 32. See, also, *State v. Moffit*, 9th Dist. No. 22957, 2006-Ohio-3340.

**{¶21}** For all these reasons, Goldsberry's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs**

**ROGERS, J., dissents.**

**{¶22}** I respectfully dissent from the opinion of the majority.

**{¶23}** When *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2007-Ohio-5493 (*Goldsberry I*), was before this Court, we considered, sua sponte, whether the trial court's sentencing entry constituted a final appealable order. Consistent with the previous decisions of this Court as well as several other courts of appeal, we determined there was no final appealable order because the trial court's original sentencing entry failed to separately dispose of each count of which Goldsberry was convicted.[3]  See *Goldsberry I*; *State v. Moore*, 3d Dist. No. 14-06-53, 2007-Ohio-4941; *State v. Sanchez*, 2d Dist. No. 2006-CA-154, 2009-Ohio-813; *State v. Phillis*, 4th Dist. No. 06CA75, 2007-Ohio-6893; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137; *State v. Cooper*, 8th Dist. No. 84716, 2005-Ohio-754;

---

[3] This author anticipated that, after our finding that there was no final appealable order, the trial court, sua sponte or on the motion of the prosecution or the defense, would have immediately resentenced Goldsberry.

*State v. Hicks*, 8th Dist. No. 84418, 2004-Ohio-6113; *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343; *State v. Hoelscher*, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531; *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222 (holding that "[n]owhere in R.C. 2929.15, which governs community control sanctions, does it state that if a court chooses to sentence a person to something other than a prison term the court may only impose a single term, regardless of the number of charges"). However, the Supreme Court of Ohio reversed our decision, without analysis, and remanded the matter for us to rule on the merits. See *State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103 (*Goldsberry II*). Accordingly, I find it necessary to reiterate the reasoning behind our conclusion In *Goldsberry I* that a trial court must separately dispose of each count of which a defendant is convicted.

{¶24} In 1995, the General Assembly enacted Senate Bill 2 (effective July 1, 1996), which eliminated felony probation and modified the procedure by which trial courts impose sentences for felony offenses. See *State v. Wolfe*, 5th Dist. No. 2008-CA-00064, 2009-Ohio-830, ¶¶15-16, citing Griffin & Katz, Ohio Felony Sentencing Law (1998 Ed.) 394-396, Section S.2-T5.4. Prior to the effective date of Senate Bill 2, a trial court would sentence an offender to specific terms of imprisonment on each individual count of which the offender was convicted. If the trial court deemed probation appropriate for the offender, it would then suspend the prison terms and place the offender on probation. Id. at ¶17. Senate

Bill 2, however, radically altered this procedure. Trial courts now have the option of sentencing offenders to either a term of imprisonment or to community control. *State v. Hoy*, 3d Dist. Nos. 14-04-13, 14-04-14, 2005-Ohio-1093, ¶18. It is truly an either/or situation. The sentence imposed is either a specific term of imprisonment on each count, or a specific term of community control on each count.

{¶25} If imposing community control under the new system, a trial court may choose to impose different lengths of time on each count, depending on the degree of the offense. See R.C. 2929.15, 2929.16, 2929.17, 2929.18. For example, a one-year term of community control may be sufficient for a conviction on a felony of the fifth degree, while a trial court may wish to impose a three-year term or longer for a conviction on a felony of the third degree. However, the total of all terms imposed may not exceed the statutory maximum of five years. R.C. 2929.15(A)(1).

{¶26} R.C. 2929.15 governs imposition of community control and provides, in pertinent part:

> **If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. * * * The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years.**

R.C. 2929.15(A)(1). This language chosen by the General Assembly refers to sentencing "an offender for a felony." The word "a", in this context, clearly may be equated with the word "each" and expresses the General Assembly's intent to require the trial court to impose community control on "a" felony; in other words, separately on each count. Additionally, as R.C. 2929.15(A)(1) provides that "the court may directly impose a *sentence* that consists of one of more community control sanctions * * *" (emphasis added), I believe that the General Assembly intended community control to be a *sentence*, not a status or some other constraint not a part of Ohio's felony-sentencing scheme. As such, I find no distinction between an error in imposing a "lump" prison term sentence for multiple felonies and in imposing a "lump" community control sentence for multiple felonies.

{¶27} Finally, the Supreme Court of Ohio has repeatedly emphasized that Ohio's felony-sentencing scheme focuses on each offense and sentence individually and not as a group or "sentencing package." Recently, the Court observed that:

> **Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time. Under R.C. 2929.14(A), the range of available penalties depends on the degree of each offense. For instance, R.C. 2929.14(A)(1) provides that "[f]or a *felony* of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years." (Emphasis added.) R.C. 2929.14(A)(2) provides a different range for second-degree felonies. In a case in which a defendant is convicted of two first-degree felonies and one second-degree felony, the statute leaves the sentencing judge no option but to assign a particular sentence to *each* of the three offenses,**

**separately.** (Emphasis sic.) **The statute makes no provision for grouping offenses together and imposing a single, "lump" sentence for multiple felonies.**

**Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. See R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus, ¶ 100, 102, 105; R.C. 2929.12(A); *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. *Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.* (Emphasis added.)**

*State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶¶8-9.

{¶28} As the General Assembly intended community control to be a sentence and a part of Ohio's felony-sentencing scheme, I believe that the principles requiring the trial court to focus on one offense at a time and prohibiting an omnibus sentence for a group of offenses apply equally to terms of community

control.[4] In summary, I believe that, pursuant to the prior decisions of this Court as well as other courts of appeal, the language of the applicable statutes, and the principles of Ohio's felony-sentencing scheme, trial courts must separately dispose of each count of which a defendant is convicted—including setting forth specific terms of community control on each count.

{¶29} In his assignment of error, Goldsberry argues that the trial court erred when it imposed a prison sentence at his second community control violation hearing because it failed to notify him of a specific sentence at both his original sentencing hearing and at his first community control violation hearing. Specifically, Goldsberry asserts that the trial court could not impose a prison sentence on him if it did not advise him at his original sentencing of a specific prison term that it would impose upon a violation of the terms of community control, even though the trial court advised him of an aggregate term at his first

---

[4] Although I find that the principles requiring a trial judge to focus on each offense separately apply equally to prison sentences and community control sentences, I acknowledge that at least one appellate court has distinguished prison sentences and community control sentences on the basis that trial courts have discretion to impose multiple prison sentences consecutively or concurrently; whereas multiple terms of community control for different offenses must be imposed concurrently to each other and not consecutively. See *State v. Lehman*, 6th Dist. No. L-99-1140, 2000 WL 125795. But, see, *State v. Culgan*, 147 Ohio App.3d 19, 2001-Ohio-1944, ¶28 (finding that "[n]othing in the language of R.C. 2929.16 prohibits a sentencing court from ordering that multiple residential community sanctions be served consecutively"). Additionally, I note that, subsequent to *Culgan*, the Supreme Court of Ohio accepted review of a similar case, *State v. Barnhouse*, 4th Dist. No. 02CA22, 2002-Ohio-7082, as a certified conflict with *Lehman*, and held that a trial court may not impose consecutive jail sentences under R.C. 2929.16(A)(2). See *State v. Barnhouse*, 102 Ohio St.3d 221, 2004-Ohio-2492. However, the Supreme Court's decision was limited to jail terms imposed for violations of community control sanctions under R.C. 2929.16(A)(2), and I express no opinion as to whether that holding is or is not relevant to whether periods of community control on multiple count indictments may be ordered to be consecutive. Additionally, I note that all of these cases were decided prior to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, which severed portions of the felony sentencing statutes requiring judicial fact finding before imposition of consecutive sentences.

community control violation hearing. Additionally, Goldsberry argues that, because the trial court stated that, upon a violation of the terms of community control, it would sentence him to an aggregate one hundred twenty-month prison term, but then sentenced him to an aggregate sixty-month prison term after his second community control violation, it is evident that the trial court never intended a one hundred twenty-month prison term to be the specific sentence it would impose. While I find no harm or prejudice to Goldsberry due to the imposition of less than the full one hundred twenty months, I do agree that the trial court failed to properly advise him at either his original March 2005 sentencing or his November 2005 community control violation hearing of specific prison terms that it would impose on each count if he violated the terms of his community control sanctions, and I would reverse on that basis.

{¶30} R.C. 2929.19(B) governs felony-sentencing hearings and provides, in pertinent part, that if a community control sanction is imposed, "[t]he court shall notify the offender that, if the conditions of the sanction are violated * * * [the court may] impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.]* * * " R.C. 2929.19(B)(5).

{¶31} In *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, the Supreme Court of Ohio emphasized the importance of trial courts' strict compliance with the specificity requirement of R.C. 2929.19(B)(5). In *Brooks*, the

Court held that, in order to comply with R.C. 2929.19(B)(5), "[t]he judge should not simply notify the offender that if the community control conditions are violated, he or she will receive 'the maximum,' or a range, such as 'six to twelve months,' or some other indefinite term, such as 'up to 12 months.' [Instead, t]he judge is required to notify the offender of the 'specific' term the offender faces for violating community control." Id. at ¶19. The Supreme Court held that, when a trial court fails to provide proper notice of a specific term to the offender, "[t]he matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶33. Additionally, as stated in the first part of this analysis, Ohio's felony-sentencing laws focus on each offense and sentence individually and not as a group or sentencing package. See *Saxon*, supra.

{¶32} Particularly given the Supreme Court's emphasis on specificity in *Brooks*, and its emphasis on individual offenses and sentences in *Saxon*, it seems axiomatic that, if R.C. 2929.19(B) requires the trial court to advise an offender of a specific prison term that will be imposed if the offender violates sanctions, it must do so as to each individual count. Otherwise, it cannot be a specific term, but would be an aggregate term as was imposed in the case before us.

{¶33} Here, Goldsberry was convicted of ten counts of nonsupport of dependants. Despite the presence of multiple counts, however, the trial court notified him in March 2005 that, if he violated the terms of his community control, he could receive a prison term of "up to 120 months." Upon his violation of

community control in November 2005, the trial court notified him that, if he violated the terms of his community control for a second time, it would impose a prison term of "one hundred twenty (120) months." On neither occasion did the trial court delineate what specific prison term it would impose on each of the ten counts.

{¶34} Additionally, I disagree with the majority's determination that the unique factual circumstances presented in this case require an exception to the notice requirements set forth in R.C. 2929.15(B) and 2929.19(B)(5). I agree with the majority that the only possible way to divide a one hundred twenty-month lump sentence among ten counts, each carrying a maximum twelve-month sentence, is to allocate a twelve-month sentence on each of the ten counts, and the majority's observation that *Brooks*, 103 Ohio St.3d 134, at ¶32, acknowledged that certain situations may require less than strict compliance with R.C. 2929.19(B)(5). The majority also cites *State v. Moffit*, 9th Dist. No. 22957, 2006-Ohio-3340, which adopted a similar rationale. However, I disagree that the factual scenario before us falls into such an exception and that Goldsberry had effective notice that the trial court was reserving a twelve-month sentence on each count. Both *Brooks* and *Moffit* must be distinguished because both involved cases where the defendant was convicted of only one count. I cannot find that a situation requiring a defendant to divide a lump sum among ten counts, taking into consideration the

possible maximum terms, in order to calculate the specific terms being reserved, comports with the intent of the legislature in R.C. 2929.15(B) and 2929.19(B)(5).

**{¶35}** Finally, the most obvious flaw in the sentencing of Goldsberry is the fact that he was convicted of ten counts, but received only one term of community control. Because the trial court was required to sentence him on each count separately, but only sentenced him to one term of community control, the maximum sentence that could be imposed was twelve months, not ten times twelve!

> **Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.**

*Saxon*, 109 Ohio St.3d 176, at ¶9.

**{¶36}** The majority correctly stated the test for plain error: [f]or plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Here, the trial court deviated from the legal rule that a trial court must sentence on each count separately; the deviation is clearly an obvious defect; and the imposition of ten prison terms where the defendant is sentenced on only one count greatly affects a substantial right.

**{¶37}** For these reasons, I would find that the trial court failed to properly sentence Goldsberry, and further failed to properly advise Goldsberry at either his

original March 2005 sentencing or his November 2005 community control violation hearing of specific prison terms that it would impose on each count if he violated the terms of his community control sanctions, and I would reverse and remand the matter for resentencing.

**/jnc**