[Cite as *State v. South*, 2010-Ohio-983.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

PLAINTIFF-APPELLEE,                    CASE NO. 14-07-40

v.

CHARLES R. SOUTH,                      O P I N I O N

DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2006 CR 168

**Judgment Affirmed**

Date of Decision:   March 15, 2010

APPEARANCES:

*Alison Boggs*  for Appellant

*Terry L. Hord*  for Appellee

Case No. 14-07-40

**WILLAMOWSKI, P.J.**

{¶1} Defendant-Appellant, Charles R. South, brings this appeal from the judgment of the Court of Common Pleas of Union County revoking his community control and sentencing him to an eighty-four month prison term. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 22, 2006, the Union County Grand Jury indicted South for seven counts of nonsupport of dependents in violation of R.C. 2919.21(B), felonies of the fifth degree. South entered a plea of not guilty as to all counts in the indictment on December 4, 2006, and was referred to indigent counsel services. Indigent counsel was appointed on December 8, 2006. On February 2, 2007, South withdrew his plea of not guilty and entered a plea of guilty as to all counts in the indictment, which the trial court accepted.

{¶3} South was sentenced on March 7, 2007, to a thirty-day jail term and three years of community control, stating that "[i]f the defendant violates the terms and conditions of Community Control, the same conditions may be re-imposed, a greater continuum of sanctions may be imposed, or the Defendant will be sentenced to a maximum total term of imprisonment of 84 months." Mar. 7, 2007, Entry, 2. Additionally, the trial court listed the terms of community control, including the following:

> **5) The Defendant is further ordered to make immediate arrangements with the Union County Child Support Enforcement Agency to pay and will pay pursuant to said**

> **arrangements all support arrearages to date, and to pay support as ordered in the sum of $548.50 each month, and to pay all arrearages owed for support in the sum of $15,772.24.**
>
> **\* \* \***
>
> **16) Defendant shall not use, possess, or imbibe/ingest alcoholic beverages and/or Scheduled drugs not prescribed by his physician, nor shall Defendant enter any business establishment the primary purpose of which is to dispense alcoholic beverages.**

Id. No appeal was taken from these judgments.

{¶4} On September 4, 2007, South's probation officer filed a notice of violation of the conditions of community control, alleging that South registered a .190 and .193 on a breath analysis test. The trial court held a community control violation hearing on September 12, 2007, during which South admitted the allegations. The trial court then proceeded to sentence South to a twelve-month prison term on each conviction of nonsupport of dependents, to be served consecutively, for a total prison term of eighty-four months, or seven years. South appealed this judgment.

{¶5} On March 17, 2008, this court dismissed South's appeal in *State v. South*, 3d Dist. No. 14-07-40, 2008-Ohio-1143 (*South I*), finding that the original sentencing entry issued by the trial court was not a final appealable order for the reasons set forth in *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2007-Ohio-5493 (*Goldsberry I*). On December 24, 2008, the Ohio Supreme Court reversed our decision in *South I* without discussion, and remanded the matter for this Court to

rule on the merits of the assignments of error. See *State v. South*, 120 Ohio St.3d

358, 2008-Ohio-6693 (*South II*). See, also, *State v. Goldsberry*, 120 Ohio St.3d

275, 2008-Ohio-6103 (*Goldsberry II*). On remand, South presents the following

assignments of error for our review.

### First Assignment of Error

**The trial court erred when it imposed maximum, consecutive prison sentences.**

### Second Assignment of Error
**The trial court's decision to revoke [South's] community control was an abuse of discretion.**

### Third Assignment of Error

**The trial court erred when it failed to determine whether [South] willfully failed to violate (sic) the terms of his community control by not conducting a hearing to determine if he had an ability to pay his child support before revoking his community control.**

{¶6} In his first assignment of error, South contends that the trial court

erred when it imposed maximum, consecutive prison sentences. Specifically, he

argues that R.C. 2929.14(E)(4) permits a court to impose consecutive sentences

only when it finds they are needed to protect the public from future crime or to

punish the offender. South argues that no evidence was presented that he was a

threat to the public, and that his sentence was very disproportionate to his crime of

nonsupport of dependents. This court disagrees.

{¶7}  The trial court has full discretion to impose any sentence within the statutorily authorized ranges, including maximum and consecutive sentences. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶37, 846 N.E.2d 1.  At the time of the original sentence placing a defendant on community control, the trial court must notify the defendant of the duration of the possible prison term that could result if community control is violated.  R.C. 2929.19(B)(5).  Following a community control violation, the trial court must comply with the sentencing requirements when ordering a sentence for the violations.  *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995.  Here, South was informed at the original sentence that if he violated the terms of his community control, he would receive up to 84 months in prison.  The trial court indicated that it considered the record, the statements of the State, South's statement in mitigation, the presentence report, and the statutory factors as required.  The trial court then proceeded to sentence South to 84 months in prison for the community control violations.  Since this time was within the statutory range for the underlying offenses and South was properly notified of the consequences of violating his community control sanctions, the trial court did not abuse its discretion in imposing this sentence.  The first assignment of error is overruled.

{¶8}  In his second assignment of error, South contends that the trial court's decision to revoke his community control was an abuse of discretion.  Specifically, he argues that the trial court should not have revoked his community

control based on his alcohol consumption because this was a "small" violation of his community control, and that the transcript demonstrates the trial court also considered that he had not paid his child support since being placed on community control, even though a violation notice was never filed for this alleged offense.

> **If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated as imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code.**

R.C. 2929.15(B). "Once the court finds a community control violation exists, we review the court's decision to revoke community control under an abuse of discretion standard." *State v. Belcher*, 4th Dist. No. 06CA32, 2007-Ohio-4256, ¶20. An abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶9} In this case, South admitted to violating the terms of his community control by consuming alcohol. This violation occurred within the first six months

of South's release from jail. Additionally, South had not made arrangements during that time to pay his child support and arrearages although the community control sanctions required him to do so immediately. This failure was particularly offensive to the trial court since the underlying charges were seven counts of failure to pay child support. South had not maintained employment as required by the community control sanctions. Although the trial court's decision to terminate community control for a "minor" violation of the terms may seem harsh, it is not an abuse of discretion. Thus, the second assignment of error is overruled.

{¶10} Finally, South argues that the trial court erred when it failed to hold a hearing to determine his ability to pay his child support, and thus, to determine whether he willfully failed to comply with the terms of his community control requiring him to pay child support. Specifically, South contends that a trial court must make a determination of whether the defendant willfully refused to pay child support or did not make sufficient efforts to acquire resources to pay before revoking community control in a nonsupport of dependents case. This court has recently addressed this issue in *State v. Bowsher*, 3d Dist. No. 14-07-32, 2009-Ohio-6524. In *Bowsher*, the defendant was convicted of twelve counts of failing to pay child support and was placed upon community control. A few months later, his probation officer filed a notice of violation of community control alleging that Bowsher had failed to pay his child support and failed to complete his community service. The trial court then imposed a six year sentence on Bowsher.

On appeal, this court reversed the judgment and remanded the matter for a hearing to determine Bowsher's ability to pay.

**{¶11}** Unlike the case in Bowsher, no alleged violation was made based upon South's failure to pay his child support. Rather the violation for which South was sentenced was his consumption of alcohol, which was prohibited by the terms of the community control. Specifically, the trial court made the following finding.

> **[T]he Court finds the Defendant violated his community control in the following particulars:**
>
> **On or about September 9, 2007 [South] registered .190 and .193 on the Breath-A-Lyzer.**
>
> **It is hearby ordered that the attached journal entry is incorporated herein and the Court finds that the shortest prison term will demean the seriousness of the offender's conduct and will not adequately protect the public from future crimes by the offender or others.**

Sept. 12, 2007, entry, 1. Since South's community control sanctions were not terminated for failure to pay child support, but rather for a different violation, the trial court had no duty to inquire into his ability to pay. The third assignment of error is overruled.

**{¶12}** Having found no error prejudicial to the appellant herein the judgment of the trial court is affirmed.

*Judgment Affirmed*

**SHAW, J., concurs.**

**/jlr**

-8-

**ROGERS, J., Dissents**

{¶13} I respectfully dissent from the opinion of the majority.

{¶14} In March 2007, the trial court convicted South of seven counts of nonsupport of dependents and imposed a lump three-year term of community control. Additionally, the journal entry of sentence reflects that South was notified that if he "violates the terms of Community Control, the same conditions may be re-imposed, a greater continuum of sanctions may be imposed, or the Defendant will be sentenced to a maximum total term of imprisonment of 84 months." (Mar. 2007 Journal Entry of Sentence, p. 2).

{¶15} In September 2007, the trial court found that South had violated the terms of his community control by registering a .190 and .193 on a breath analysis test. The trial court proceeded to sentence South to a twelve-month prison term on each of his seven convictions for nonsupport of dependents, to be served consecutively, for an aggregate seven-year prison term.

{¶16} As stated in my dissenting opinion in *State v. Goldsberry*, 3d Dist. No. 14-07-05, 2009-Ohio-6026, ¶¶22-37 (*Goldsberry III*), and my separate concurrence in *State v. Bowsher*, 3d Dist. No. 14-07-32, 2009-Ohio-6524, ¶¶8-15, I would find that the trial court committed plain error in sentencing South to seven prison terms for violating his community control when it initially imposed only one term of community control at his original sentencing. Further, I would find that plain error also occurred because the trial court did not advise South at his

original sentencing of specific prison terms that it would impose on each count of nonsupport if he violated the terms of his community control. I would raise these issues sua sponte and would consider them under the plain error standard.

{¶17} In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. Plain error exists only in the event that it can be said that "but for the error, the outcome of the trial would clearly have been otherwise." *State v. Biros*, 78 Ohio St.3d 426, 431, 1997-Ohio-204; see, also, *State v. Johnson*, 3d Dist. No. 2-98-39, 1999-Ohio-825. This Court has previously determined that plain error occurs when a trial court fails to provide proper notice to a defendant of a specific prison term it will impose in the event of a community control violation, and then imposes a prison term upon the defendant when he violates his community control. *State v. Moore*, 3d Dist. Nos. 5-07-18, 5-07-20, 5-07-21, 2008-Ohio-1152.

{¶18} In *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2007-Ohio-5493 (*Goldsberry I*), and *State v. South*, 3d Dist. No. 14-07-40, 2008-Ohio-1143 (*South I*), this Court considered, sua sponte, whether a trial court's journal entry of sentence that imposed a lump community control sentence for a multiple count

conviction constituted a final appealable order. Consistent with the previous decisions of this Court, as well as several other courts of appeal, we determined there was no final appealable order in either case because the trial court's journal entries of sentence failed to separately dispose of each of the multiple counts for which the defendants were convicted. See *South I*; *Goldsberry I*; *State v. Moore*, 3d Dist. No. 14-06-53, 2007-Ohio-4941; *State v. Sanchez*, 2d Dist. No. 2006-CA-154, 2009-Ohio-813; *State v. Phillis*, 4th Dist. No. 06CA75, 2007-Ohio-6893; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137; *State v. Cooper*, 8th Dist. No. 84716, 2005-Ohio-754; *State v. Hicks*, 8th Dist. No. 84418, 2004-Ohio-6113; *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343; *State v. Hoelscher*, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531; *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222 (holding that "[n]owhere in R.C. 2929.15, which governs community control sanctions, does it state that if a court chooses to sentence a person to something other than a prison term the court may only impose a single term, regardless of the number of charges"). However, the Supreme Court of Ohio reversed our decisions, without opinions, and remanded the matters for us to rule on the merits. See *State v. South*, 120 Ohio St.3d 358, 2008-Ohio-6693 (*South II*); *State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103 (*Goldsberry II* ).

{¶19} I reiterate the reasoning behind this Court's finding in *Goldsberry I* and *South I* that a trial court must separately dispose of each count of a conviction, as expressed in *Goldsberry III* (Rogers, J., dissenting). In summary, I believe that,

-11-

pursuant to the prior decisions of this Court, as well as other courts of appeal, the language of the applicable statutes, and the principles of Ohio's felony-sentencing scheme, pronounced by the Supreme Court of Ohio, trial courts must separately dispose of each count of which a defendant is convicted, including setting forth specific terms of community control on each count. See Id. Additionally, I reiterate my belief that R.C. 2929.19(B) requires a trial court to advise an offender of a specific prison term that will be imposed on each individual count if the offender violates the terms of his community control, given the Supreme Court of Ohio's emphasis on specificity as set forth in *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746. See *Goldsberry III*, 2009-Ohio-6026, at ¶¶31-34 (Rogers, J., dissenting).

{¶20} Here, I would find that the trial court failed to properly advise South at his original March 2007 sentencing of specific prison terms that it would impose on each count if he violated the terms of his community control. Additionally, I would find this to be plain error because the trial court failed to provide South with proper notice of specific prison terms for each count of nonsupport, but proceeded to impose seven prison terms upon his violation of community control. See *Moore*, *Bowsher*, supra. Further, I would find that plain error was present because South was convicted of seven counts of nonsupport, but, at his original sentencing, received only one term of community control. As the trial court was required to sentence him on each count separately, but sentenced

him to only one lump term of community control, the maximum sentence that could be imposed upon his violation of community control was twelve months, not seven times twelve. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶9 ("Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses"). Thus, the trial court deviated from the legal rule that a trial court must impose a sentence on each count separately, the deviation is an obvious defect, and the imposition of seven prison terms where the defendant is originally sentenced on only one count affects a substantial right. See, also, *Goldsberry III*, 2009-Ohio-6026, at ¶¶35-36 (Rogers, J., dissenting). Consequently, I would reverse and remand the matter for resentencing on these bases, with a prison term not an option. See *Brooks*, 103 Ohio St.3d 134, at ¶33; *Moore*, 2008-Ohio-1152, at ¶11.

**/jlr**