[Cite as *State v. Singh*, 2011-Ohio-4119.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96049

STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

DAVANA SINGH

DEFENDANT-APPELLANT

JUDGMENT:
DISMISSED

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-536131

**BEFORE:** E. Gallagher, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**     August 18, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
BY:     David M. King
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:     Tiffany Hill
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶ 1} Davana Singh appeals from the decision of the trial court. Singh argues that his convictions violate his Sixth Amendment right to confront witnesses, that his convictions are against the manifest weight of the evidence, and that his trial counsel rendered ineffective assistance. Upon review of this record, this court is compelled to dismiss this case for

lack of jurisdiction.

**{¶ 2}** In March 2010, Detective John Graves of the Cleveland Police Department received a complaint that Singh was selling cigarettes, alcohol, and marijuana to underage persons in his store located at 3425 Fulton Road. After receiving the complaint Detective Graves met with the complainants who were a mother and her seventeen-year-old daughter. During the interview, the seventeen-year-old agreed to act as a confidential informant ("CI") and her mother approved the paperwork.

**{¶ 3}** On March 22 and 23, 2010, the CI conducted two buys from Singh at the direction of Detective Graves. During both purchases, officers searched the CI both before and after the buy and found her to be free of contraband. The officers also fitted the CI with an audio and video recording device and provided the CI with marked buy money. On both dates, the CI purchased marijuana from Singh; the video surveillance equipment captured the controlled purchases.

**{¶ 4}** Detective Graves issued a search warrant for Singh's store and, on March 23, 2010, executed the warrant. While searching the premises, the officers found a pill bottle that they believe was used to store the marijuana as well as a semi-automatic handgun that was missing its serial number. The officers also found over $6,000 in cash, multiple cartons of

cigarettes that did not have the Cuyahoga County tax stamp on them, and an Ohio Directional Card on a shelf behind the counter. Singh denied selling marijuana from the store.

{¶ 5} On April 27, 2010, a Cuyahoga County Grand Jury returned an indictment charging Singh with one count of trafficking with a juvenile specification, one count of trafficking with juvenile, firearm, and forfeiture specifications, one count of possession of a defaced firearm with forfeiture specifications, one count of possession of criminal tools with forfeiture specifications, and one count of trafficking in or illegal use of food stamps with forfeiture specifications. Singh elected to proceed to trial, and on September 24, 2010, his jury trial began. At the close of the state's case, Singh moved for a judgment of acquittal, which the trial court granted as to the juvenile specifications attached to Counts 1 and 2, and to Count 5 in its entirety. That same day, the jury found Singh guilty of both trafficking offenses as charged, but not guilty of the firearm specification, guilty of possession of a defaced firearm as charged in the indictment, and guilty of possession of criminal tools as charged.

{¶ 6} On October 25, 2010, the trial court sentenced Singh to one year of community controlled sanctions with the warning that any violation of the terms and conditions would result in a prison term of six months.

{¶ 7}  Singh appeals, raising the three assignments of error contained in the appendix to this opinion.  However, this court cannot address the merits of this appeal because the court lacks jurisdiction to do so.  The order of sentence issued does not constitute a final appealable order.

{¶ 8}  This court is compelled to dismiss on the authority of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, *State v. Waters*, Cuyahoga App. No. 85691, 2005-Ohio-5137, and *State v. Dumas*, Cuyahoga App. No. 95760, 2011-Ohio-2926.  In this case, the trial court imposed a single term of community controlled sanctions for all four of Singh's convictions, an error that renders us without jurisdiction to rule on the merits of the instant appeal.

{¶ 9}  Crim.R. 32(C) provides that a "judgment of conviction shall set forth * * * the verdict, or findings, upon which each conviction is based, and the sentence."  Thus, absent either a specific finding of guilt or the imposition of sentence on each and every offense for which a defendant is convicted, no final appealable order exists.  *Waters*; *State v. Garner*, Trumbull App. No. 2002-T-0025, 2003-Ohio-5222; *State v. Collins* (Oct. 18, 2001), Cuyahoga App. No. 79064.  Without a final appealable order, this court lacks jurisdiction to hear this appeal.  *Waters*.

{¶ 10} In *Garner*, the Eleventh District noted that "[n]owhere in R.C.

2929.15, which governs community control sanctions, does it state that if a court chooses to sentence a person to something other than a prison term the court may impose only a single term, regardless of the number of charges." Such a procedure "not only leaves one of the offenses without a sentence, but it also prevents th[e appellate] court from determining to which offense the given sentence actually applies. As a result, there is no final appealable [order] for the [appellate] court to review." Id.

{¶ 11} This court adheres to the same analysis. In *State v. Hicks*, Cuyahoga App. No. 84418, 2004-Ohio-6113, this court reminded the trial court that pursuant to Crim.R. 32(C), the duty to set forth the verdict or finding and the sentence for each and every criminal charge is "mandatory"; therefore, an order that "fails to impose sentence for an offense for which the offender was found guilty not only violates this rule, but renders the resultant order non-final and not immediately appealable."

{¶ 12} The journal entry of Singh's sentence is defective since it neither states which conviction is subject to community controlled sanctions nor imposes a sentence for each conviction. It, therefore, does not constitute a final appealable order. See *Waters*; *Hicks*. Consequently, this appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR

## Appendix

**Assignments of Error:**

> **"I.   Mr. Singh's conviction violates his Sixth Amendment right to confront witnesses and to present his defense because the state did not reveal the identity of the confidential informant."**

> **"II.   Defendant's convictions for drug trafficking, possession of defaced firearm, and possession of criminal tools were against the manifest weight of the evidence."**

> **"III.   Defendant Davana Singh was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."**