[Cite as *State v. Kelley*, 2012-Ohio-2309.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97389

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAKARA KELLEY

DEFENDANT-APPELLANT

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547114

**BEFORE:** Keough, J., Celebrezze, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** May 24, 2012

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, OH 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Takara Kelley, appeals from the trial court's judgment finding her guilty of aggravated vehicular homicide, aggravated vehicular assault, and driving under the influence, and sentencing her to 31 years in prison. We dismiss for lack of a final, appealable order.

I.

{¶2} Pursuant to a plea agreement, Kelley pled guilty to two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), three counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), and one count of driving under the influence in violation of R.C. 4511.19(A)(1)(a).

{¶3} The trial court sentenced her to ten years incarceration on each count of aggravated vehicular homicide, seven years on one count of aggravated vehicular assault, and two years each on the other two counts of aggravated vehicular assault. The court ordered the terms to be served consecutively for an aggregate term of 31 years.

{¶4} However, the trial court did not sentence Kelley, as required under R.C. 4511.19(G)(1)(a)(i) and 4511.19(G)(1)(a)(iii), to a mandatory term of imprisonment and a mandatory fine for the misdemeanor offense of driving under the influence.[1] The State

---

[1] The trial court ordered that Kelley's driver's license be suspended for life, as required by R.C. 4511.19(G)(1)(a)(iv).

concedes that the trial court did not impose a sentence on the driving under the influence offense.

{¶5} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence * * *." Thus, "absent the imposition of sentence on each and every offense for which [a defendant] was convicted, there is no final, appealable order." *State v. Collins*, 8th Dist. No. 79064, 2001 WL 1243943 (Oct. 18, 2001). *See also State v. Hicks*, 8th Dist. No. 84418, 2004-Ohio-6113, ¶ 6; *State v. Garner*, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, ¶ 7. A trial court's order that fails to impose a sentence for an offense for which the offender was found guilty violates Crim.R. 32(C) and renders the resultant order non-final and not immediately appealable. *Hicks* at ¶ 6.

{¶6} Because the journal entry of Kelley's conviction does not impose a sentence on her conviction for driving under the influence, the judgment is not final, and therefore we lack jurisdiction to hear the appeal. Accordingly, the appeal is dismissed.

{¶7} Dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR