[Cite as *State v. Wells*, 2021-Ohio-3278.]

STATE OF OHIO     )           IN THE COURT OF APPEALS
                    )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                     C.A. No.       18CA011447

    Appellee

    v.                                  APPEAL FROM JUDGMENT
                                           ENTERED IN THE
DANIELLE L. WELLS                COURT OF COMMON PLEAS
                                           COUNTY OF LORAIN, OHIO
    Appellant                    CASE No.       16CR094014

DECISION AND JOURNAL ENTRY

Dated: September 20, 2021

CALLAHAN, Judge.

{¶1} Appellant, Danielle Wells, appeals an order that sentenced her to prison for a violation of community control. This Court affirms in part and reverses in part.

I.

{¶2} On December 16, 2016, Ms. Wells pleaded guilty to nine charges. Count one alleged that she engaged in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). Counts two and three alleged that she participated in a conspiracy in violation of R.C. 2923.01(A)(1) and (2). Counts four, five, and six alleged that Ms. Wells laundered money in violation of R.C. 1315.55(A). Count seven charged her with theft in violation of R.C. 2913.02(A)(1), and counts eight and nine charged her with receiving stolen property in violation of R.C. 2913.51(A). For purposes of sentencing, count three merged into count two, counts five and six merged into count four, and count nine merged into count eight. The trial court sentenced Ms. Wells on counts one, two, four, seven, and eight to five years of community

control, explained the prison terms that Ms. Wells would face if she violated community control, and informed her that in the event of a violation, Ms. Wells would face a prison sentence.

{¶3}  In June 2017, Ms. Wells was arrested and charged with violating the terms of community control.  The trial court ordered her to successfully complete the Lorain/Medina Community Based Correctional Facility Program ("CBCF").  In October 2017, Ms. Wells was transported from CBCF to the county jail because of another alleged violation of community control.  On May 29, 2018, the trial court journalized an order that it characterized as a "sentencing entry nunc pro tunc[.]"  (Emphasis omitted.)  That order set forth a more detailed explanation of the prison terms that Ms. Wells could face in the event of a violation.

{¶4}  On August 17, 2018, the date on which a merits hearing on the alleged community control violation was scheduled, Ms. Wells failed to appear, and a capias issued for her arrest.  Ms. Wells admitted the violation, and the trial court sentenced her to prison.  In doing so, the trial court ordered the prison terms on counts one, two, seven, and eight to run concurrently with each other but consecutively with the prison term imposed on count four and the prison term imposed in the other case.  Consequently, the trial court sentenced Ms. Wells to an aggregate prison term of twelve years.

{¶5}  Ms. Wells appealed.  On June 28, 2019, this Court dismissed the appeal for failure to file an appellate brief.  Ms. Wells filed an application to reopen her appeal, which this Court construed as a motion for reconsideration of the dismissal.  This Court reinstated the appeal on January 21, 2021.  Ms. Wells' assignments of error are reordered for ease of disposition.

II.

**ASSIGNMENT OF ERROR NO. 4**

THE TRIAL COURT ERRED [BY] RESENTENCING MS. WELLS FOR A
SECOND TIME AT THE PROBATION VIOLATION MERITS HEARING.

**{¶6}** Ms. Wells' fourth assignment of error argues that the trial court erred by conducting a sentencing hearing following her probation violation. This Court does not agree.

**{¶7}** The essence of Ms. Wells' argument is that when an offender is sentenced for a violation of the terms of community control, the trial court merely enforces a prison term that has already been imposed. The Supreme Court of Ohio, however, has rejected this position. *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11. *See also State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, ¶ 24-25.

**{¶8}** When a trial court sentences an offender to community control, the trial court must inform the offender of the consequences that may result from a violation of the terms of community control. *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraphs one and two of the syllabus. With respect to the prison term that may later be imposed, the notification must consist of "straightforward and affirmative language" that informs the offender that a community control violation may result in "a definite term of imprisonment of a fixed number of months or years, such as 'twelve months' incarceration[.]'" *Id.* at ¶ 19. Nonetheless, the offender is not sentenced to prison at that time. *See Jackson* at ¶ 12. The prison terms that may later be imposed remain "only potential in nature" and "'necessarily speculative'" until a violation occurs and the trial court sentences the offender. *Howard* at ¶ 24, quoting *Brooks* at ¶ 31.

**{¶9}** In contrast, during a revocation hearing subsequent to a violation of community control, a trial court "perform[s] more than an administrative function" and does not "merely impose a predetermined sentence." *Howard* at ¶ 25, citing *Jackson* at ¶ 13. The trial court has "broad discretion" to sentence the offender to prison. *Jackson* at ¶ 14. After considering the seriousness of the original offenses and the gravity of the violation of community control, the

only restriction in imposing sentence "is that the judge may not impose a prison sentence longer than that which the trial court stated it could impose at the original sentencing hearing." *Jackson* at ¶ 13, quoting *Brooks* at ¶ 20. Accordingly, "a community-control-revocation hearing is a sentencing hearing for purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1)." *Jackson* at ¶ 11.

{¶10} Ms. Wells' fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN IMPOSING AN AGGREGATE PRISON TERM IN EXCESS OF THE THIRTY-SIX MONTHS, IN VIOLATION OF R.C. 2929.19(B)(4).

{¶11} Ms. Wells' second assignment of error argues that the trial court did not explicitly impose a prison term for count one and, therefore, that the trial court could not later sentence her to eight years in prison on that count.

{¶12} When a trial court sentences an offender to community control, the trial court must notify the offender during the sentencing hearing "that, if the conditions of the [community control] sanction are violated * * * the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." R.C. 2929.19(B)(4). A trial court may impose a prison term that is within the statutory range for the offense when a violation occurs, provided that the prison term "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing[.]" R.C. 2929.15(B). In other words, notifying the offender of the specific prison term that may ultimately be imposed if the conditions of community control are violated is a prerequisite to actually imposing the prison term. *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, at paragraph two of the syllabus.

{¶13} The notification requirements of R.C. 2929.15(B) and R.C. 2929.19(B)(4) raise two questions: when notification must be given and the language that must be used. *See Brooks* at ¶ 13 and paragraph two of the syllabus. In answer to the first question, the Supreme Court of Ohio has concluded that notification must be given at the sentencing hearing although, in some cases, statements made earlier "*may* be used to clarify or supplement" statements made during sentencing. (Emphasis in original.) *Id.* at ¶ 15, 18 and paragraph one of the syllabus. *See also State v. McWilliams*, 9th Dist. Summit No. 22359, 2005-Ohio-2148, ¶ 16. With respect to the second question, trial courts must use "straightforward and affirmative language" that informs the offender that a community control violation may result in "a definite term of imprisonment of a fixed number of months or years, such as 'twelve months' incarceration[.]'" *Brooks* at ¶ 19. An indefinite statement, such as a statement of a prison term of up to the maximum or a range within which a prison term may fall, does not suffice. *Id*. at ¶ 26. *See also Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, at ¶ 13, citing *Brooks* at ¶ 29-31 ("'[S]pecific prison term' means a definite prison term, fixed in months or years, rather than a range of time."). A prison sentence is not imposed until the offender is found in violation of community control. *See generally Howard* at ¶ 23-25. Consequently, trial courts are not required to separately state the prison term for each offense as part of the notification. *See*, *e.g.*, *State v. Richardson*, 9th Dist. Medina No. 09CA0097-M, 2010-Ohio-4397, ¶ 2, 14.

{¶14} This Court has applied *Brooks* on several occasions. In *State v. Moffit*, 9th Dist. Summit No. 22957, 2006-Ohio-3340, for example, this Court considered whether a trial court adequately notified the offender that he faced a four-year prison term for violating community control when the sentencing entry stated that violations of community control would result in "'more restrictive sanctions for the Defendant, up to and including a prison term of 4 years[,]'"

but the trial court stated at the hearing, "'If you don't make it, you are going to spend four more years in prison.'" (Alteration in original sentencing entry.) *Id*. at ¶ 5, 7 This Court concluded that the language that the trial court used during the sentencing hearing was sufficient to inform him of the specific prison term that he could receive for a violation of community control. *Id*. at ¶ 7. Similarly, in *Richardson*, this Court noted that when a trial court informed the defendant at sentencing that, "'If you violate any of the rules and regulations of the probation department, I will send you to jail for five years[,]'" this language was sufficient to inform the defendant such that "[t]he trial court had the discretion to impose up to the full five years" in prison. *Richardson* at ¶ 14.

{¶15} During Ms. Wells' original sentencing hearing, the trial court described the prison terms for each offense, explaining that Ms. Wells would face "an eight-year stated prison term" with "[t]he balance of the prison terms [to] run concurrent to one another in the event you violate." In this respect, the import of the trial court's words is clear: Ms. Wells would serve an eight-year prison term on count one. The balance of those prison terms consisted of twelve months on count two, thirty-six months on count four, eighteen months on count seven, and six months on eight. The trial court also explained that Ms. Wells could face twelve months in prison on another case, with that term to run concurrently with the sentences in this case in the event that they were ultimately imposed for a violation of community control. Emphasizing the consequences of violating community control again, the trial court informed Ms. Wells that in the event she violated the terms of community control, the trial court could "impose a more restrictive sanction *or impose a prison term of eight years*[.]" (Emphasis added.)

{¶16} It is apparent from the transcript of the sentencing hearing that the trial court notified Ms. Wells that she could face a specific and definite prison term of eight years in the

event that she violated the terms of community control. *See Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, at ¶ 13, citing *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 29-31. The trial court neither referenced a range of time nor a prison term "up to" a maximum but stated the term of imprisonment that Ms. Wells could face with precision. *See Howard* at ¶ 13, citing *Brooks* at ¶ 29-31. *See also Richardson* at ¶ 14; *Moffit* at ¶ 7. This notification was sufficient to comport with the requirements of R.C. 2929.19(B)(4) and R.C. 2929.15(B).

{¶17} This Court has previously concluded that a trial court must also provide notification consistent with *Brooks* in the journal entry following the sentencing hearing. *McWilliams*, 2005-Ohio-2148, at ¶ 16. To the extent that Ms. Wells argues that this notification was insufficient, her argument also fails. Ms. Wells correctly points out that the order journalized on January 20, 2017, states the prison terms that she may face upon a violation of community control as a range. On May 29, 2018, however, the trial court journalized a nunc pro tunc order that stated the potential prison terms for each offense with specificity, consistent with the notice it had already provided during the sentencing hearing. Because the record of the sentencing hearing clarifies what the trial court actually decided in connection with Ms. Wells' sentencing, the May 29, 2018, nunc pro tunc order was an appropriate means of correcting the original sentencing entry. *See State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995); *State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 8, citing *State v. Neumann-Boles*, 9th Dist. Medina No. 12CA0069-M, 2013-Ohio-3968, ¶ 8-10.[1] The trial court's notification was, therefore, sufficient.

---

[1] The terms of the nunc pro tunc entry relate back to the date of the original sentencing order. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 15. Even if this Court were to consider the sentencing order in conjunction with the nunc pro tunc order at the time nunc pro tunc order was journalized, we would find no error. *Compare Howard* at ¶ 15, citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110.

{¶18} Ms. Wells' second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM IN EXCESS OF THE STATED PRISON TERM IMPOSED AT SENTENCING, IN VIOLATION OF R.C. 2929.19(B)(4) AND R.C. 2929.15(B)(3).

{¶19} In her first assignment of error, Ms. Wells argues that the trial court erred by sentencing her to twelve years in prison after notifying her during sentencing that the sanction for a violation of community control could result in a sentence of eight years. The State has conceded that the trial court erred in this respect, and this Court agrees. *See Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, at ¶ 13; *Richardson*, 2010-Ohio-4397, at ¶ 14.

{¶20} Ms. Wells' first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED IN IMPOSING A CONSECUTIVE PRISON TERM, IN VIOLATION OF R.C. 2929.19(B)(4) AND R.C. 2929.14(C)(4).

{¶21} In her third assignment of error, Ms. Wells argues that the trial court erred by imposing consecutive sentences after her community control violation without making the findings required by R.C. 2929.14(C)(4). Ms. Wells' argument is premised on the proposition that those findings must be made at the time of the original sentencing instead of when the sentence is actually imposed. The State has conceded error in connection with this assignment of error, but for a different reason.

{¶22} As the State notes, a trial court is not required to make the findings required by R.C. 2929.14(C)(4) as part of a hearing in which an offender is sentenced to community control but must do so before imposing consecutive sentences for a violation of community control. *Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, at ¶ 23-25. Ms. Wells does not dispute that the trial court made adequate findings at that point. Nonetheless, the State posits that "because the

trial court's notice to [Ms.] Wells provided that the reserved sentences would be run concurrently, rather than consecutively, the imposition of consecutive sentences herein was error."

{¶23} This Court agrees with the State in part. The trial court ordered the prison terms on counts one, two, seven, and eight to run concurrently with each other but consecutively with the prison term imposed on count four and the prison term imposed in another case, so Ms. Wells' total prison term exceeded eight years in length. The trial court erred to the extent that the imposition of consecutive sentences caused her prison term to exceed the term of which she had been notified when she was sentenced to community control. *See Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, at ¶ 13. Ms. Wells' third assignment of error must, therefore, be sustained for the same reasons as her first assignment of error. *See id.*; *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, at paragraph two of the syllabus; *Richardson*, 2010-Ohio-4397, at ¶ 14.

{¶24} Ms. Wells' third assignment of error is sustained.

### III.

{¶25} Ms. Wells' first and third assignments of error are sustained to the extent described in this opinion. Her second and fourth assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.