[Cite as *State v. Clinton*, 2022-Ohio-717.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29267 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-684 |
| | : | |
| JOSHUA CLINTON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of March, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Joshua Clinton, appeals from the judgment of the Montgomery County Court of Common Pleas sentencing him to serve 120 days in jail as a sanction for violating his community control sanctions. On November 15, 2021, Clinton's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious claims to present on appeal. On November 18, 2021, this court notified Clinton that his counsel had found no meritorious claims to present on appeal and granted Clinton 60 days to file a pro se brief assigning any errors for review. Clinton, however, did not file a pro se brief.

{¶ 2} Because Clinton completed his 120-day jail sentence, and because the trial court subsequently terminated Clinton's community control sanctions, all arguments related to Clinton's sanction for violating community control are moot. There are also no other issues with arguable merit for Clinton to advance on appeal. Therefore, Clinton's appeal is wholly frivolous and will be dismissed as moot.

**Facts and Course of Proceedings**

{¶ 3} On April 1, 2019, a Montgomery County grand jury indicted Clinton for one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree. On June 25, 2019, Clinton pled no contest to the indicted charge. The trial court thereafter accepted Clinton's no contest plea, found Clinton guilty, and imposed a sentence of

community control sanctions not to exceed five years. As part of the sentence, the trial court also ordered Clinton to pay a $250 supervision fee and court costs in the amount of $467. Clinton satisfied these financial obligations by performing 57 hours of community service and by making a payment of $250.

{¶ 4} On June 1, 2021, Clinton's probation officer filed a notice with the trial court asserting that Clinton had violated a condition of his community control sanctions that required him to refrain from violating any law. Specifically, it was alleged that on May 15, 2021, the City of Kettering Police Department charged Clinton with operating a vehicle under the influence of alcohol and failure to control after Clinton crashed his vehicle into a tree.

{¶ 5} On October 1, 2021, Clinton appeared before the trial court and admitted to violating his community control sanctions. Based on Clinton's admission, the trial court found that Clinton had violated the terms and conditions of his community control and ordered Clinton to serve 120 days in jail as a sanction for his violation. The trial court also ordered Clinton's community control sanctions to be terminated once Clinton completed the 120-day jail term. In the corresponding termination entry, the trial court waived all associated court costs and fees.

{¶ 6} Clinton thereafter appealed from the 120-day jail term imposed for his community control violation. As previously discussed, Clinton's appellate counsel filed an *Anders* brief asserting the absence of any meritorious claims to present on appeal.

**Standard of Review**

{¶ 7} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Anders* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen*.

**Law and Analysis**

{¶ 9} "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." (Citations omitted.) *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. Thus, a case is moot "when parties 'lack a legally cognizable interest in the outcome[.]' " *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶ 10} "An appeal attacking an already-served felony sentence is moot when there

is no indication that the sentence, as opposed to the conviction, will cause the defendant to suffer some collateral disability or loss of civil rights." *State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 10. "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." (Citation omitted.) *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. "For example, a person may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." (Citation omitted.) *Id.*

{¶ 11} This court has explained that there is no collateral disability or loss of civil rights under circumstances "where defendants challenge their sentences and not their convictions, have already completed their sentences, and have not been sentenced to [post-release control]." *State v. Hatfield*, 2d Dist. Champaign No. 2017-CA-36, 2019-Ohio-3291, ¶ 15, citing *State v. Ambriez*, 6th Dist. Lucas No. L-04-1382, 2005-Ohio-5877, ¶ 10, *State v. Blivens*, 11th Dist. Lake No. 98-L-189, 1999 WL 960955, *3 (Sept. 30, 1997), and *Ingledue* at ¶ 10. In such situations, "there is no remedy we can afford" and therefore the appeal is moot. *Hatfield* at ¶ 17.

{¶ 12} In *State v. Oglesby*, 2d Dist. Montgomery No. 28218, 2020-Ohio-394, we held that an appeal from an order modifying community control sanctions was moot under circumstances where the trial court imposed a 12-month jail sentence as a sanction for a community control violation, and where the offender completed the jail sentence and subsequently had his community control sanctions terminated by the trial court. *Id.* at ¶ 10-13. In that situation, we found that "there is no relief that we can provide related to

[the offender's] sentence[,]" and that " ' "[w]e cannot restore to him any of the time he spent in jail on his conviction." ' " *Id.* at ¶ 10, quoting *State v. Johnson*, 2d Dist. Montgomery No. 27140, 2017-Ohio-4323, ¶ 9, quoting *State v. MacConnell*, 2d Dist. Montgomery No. 25437, 2013-Ohio-4947, ¶ 9.

{¶ 13} In this case, the record indicates that the 120-day jail sentence imposed for Clinton's community control violation was completed by Clinton on January 29, 2022. The record also indicates that the trial court terminated Clinton's community control as "incomplete" on February 2, 2022.   The record further indicates that the trial court waived all costs and fees in the matter.   Therefore, Clinton is no longer subject to any penalties or disabilities directly relating to the conviction.   Accordingly, any argument related to the sanction that Clinton received for violating his community control is moot, as there is no remedy available to Clinton on appeal.

{¶ 14} We note that in conducting our *Anders* review, we independently reviewed the transcript of the October 1, 2021 hearing, which confirmed that Clinton admitted to violating his community control sanctions and that the trial court imposed a 120-day jail sentence for the violation.   The transcript of Clinton's original sentencing hearing, which took place on July 23, 2019, was not made a part of the record on appeal.   That transcript would have been relevant to determine whether the trial court gave the required notifications under R.C. 2929.19(B)(4) at the original sentencing hearing, which concern the sanctions that a trial court can impose for a community control violation.   Compliance with R.C. 2929.19(B)(4) is a prerequisite to imposing a prison term for a community control violation.   *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d

1088, ¶ 13, citing *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 29.

{¶ 15} When the record on appeal does not contain transcripts from all on-the-record proceedings in the trial court, this court would normally reject the *Anders* brief and order the appointment of new counsel to supplement the record with the missing transcript. *See State v. Roberts*, 2d Dist. Clark No. 2018-CA-8, 2020-Ohio-3391, ¶ 6; *State v. Fitzgerald*, 2d Dist. Champaign No. 2018-CA-45, 2020-Ohio-1525, ¶ 5. However, in this case, even if the original sentencing hearing transcript had been made a part of the record on appeal, and even if the transcript revealed some form of error in the sentence, the matter would still be moot given that Clinton is no longer subject to any penalties or disabilities directly relating to the sentence. As previously discussed, Clinton already completed the 120-day jail sentence imposed by the trial court for his community control violation, had his community control terminated by the trial court, and was not required to pay any fees or costs in relation to his community control violation. Furthermore, our independent review of the record did not reveal any potentially meritorious appellate issues that are unrelated to Clinton's sentence. Accordingly, there are no non-frivolous issues for Clinton to advance on appeal.

{¶ 16} For the foregoing reasons, Clinton's appeal is dismissed as moot.

. . . . . . . . . . . .


TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Travis Kane
Joshua Clinton
Hon. Mary Katherine Huffman