**[Cite as *State v. Brown*, 2022-Ohio-4314.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | Appellate Case No. 2021-CA-67 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-541 |
| | : | |
| ZACHARIAS BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2022.

. . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Appellee

DONALD K. POND, JR., Atty. Reg. No. 0068880, 567 East Turkeyfoot Lake Road, Suite 107, Akron, Ohio 44319
  Attorney for Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Zacharias Brown appeals from his conviction in the Clark County Common Pleas Court following his guilty plea to one count of carrying a concealed weapon.   For the following reasons, we affirm the judgment of the trial court.

## I.   Facts and Procedural History

{¶ 2} On August 24, 2021, Brown was indicted on one count of carrying a concealed weapon, in violation of R.C. 2923.12(A), a felony of the fourth degree, and one count of improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.16(B), a felony of the fourth degree.   Both counts carried a forfeiture specification for the firearm seized during the offense.

{¶ 3} On November 15, 2021, Brown entered a negotiated plea in which he agreed to plead guilty to carrying a concealed weapon as charged in the indictment and to forfeit the firearm in exchange for a dismissal of the charge of improper handling of a firearm in a motor vehicle.   There was no agreement as to sentencing; however, the parties agreed to obtain a presentence investigation report ("PSI").   The trial court accepted Brown's plea, found him guilty, and ordered the PSI to be completed prior to sentencing.

{¶ 4} A sentencing hearing was held on December 6, 2021.   Prior to imposing sentence, the following exchange occurred:

THE COURT: * * * The defendant is before the Court this morning for disposition, having pled guilty to carrying a concealed weapon, a fourth[-] degree felony.

The Court ordered a pre-sentence investigation. I have received and reviewed a report prepared by the probation department.

Is there anything from the defense, Mr. Juergens?

MR. JUERGENS: Thank you. I have received and reviewed this pre-sentence investigation report. From what I see, the defendant has no prior felony charges, was not on probation or post-release control at the time of the offense; and I believe what he stated in his version to be true that essentially he and his girlfriend Rose, who is present in the courtroom today, they were taking a trip but as far as where the gun came from, I don't know. Zacharias doesn't generally carry a gun with him. So it simply was something that he was stopped, had a gun in the car, and he's been charged.

I believe that he would be a great candidate for community control, and I think that that's what the Court should order at this time. Thank you.

THE COURT: Thank you. Is there anything you'd like to say at this time, Mr. Brown?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Does the State have anything?

[THE PROSECUTOR]: Your Honor, the State has reviewed the pre-sentence investigation report. The defendant scored moderate on the Ohio Risk Assessment Survey. He has, as defense counsel stated, he has no prior felonies.

He has a menacing, a disorderly conduct, and attempted failure to comply and driving under suspension. However, because the case involves a firearm, mandatory community control is not applicable.

The facts surrounding this case, there's a little interest. They hint that there is some kind of drug dealing going on, but obviously no drugs were found in the vehicle. But the firearm in question was a handgun with an extended .22 round magazine that was found to be loaded.

The defendant in this case, he really takes no responsibility for the gun. He claims he didn't even know it was there. With regard to the sentencing, Your Honor, the State would defer to the Court's judgment.

MR. JUERGENS: Your Honor, if I could just briefly respond to that. There are hints that seems to go towards drug dealing, and I've talked to Mr. Brown at length on this.

He indicates that the $2,660 [sic] found in cash in the car was his father's from the stimulus check that he received way back in April of last year.

And so, you know, there's a hint that's saying that, but there's just no proof, and the defendant strongly disputes that.

Thank you.

Sentencing Tr. p. 3-5.

Following those statements, the trial court imposed a sentence of 17 months in prison and ordered the firearm to be forfeited to the State pursuant to the parties'

agreement. The judgment entry was filed on December 7, 2021, and included the following order regarding disposition of property:

> IT IS HEREBY ORDERED that the Glock Model 22 (Serial # AESM382) is forfeited to the State pursuant to the terms of the plea agreement.

> IT IS FURTHER HEREBY ORDERED that any property or evidence held by law enforcement in connection with this case, not otherwise specified in this Entry, may be released, destroyed, converted to law enforcement use, or otherwise disposed of sixty (60) days after the filing of this Entry provided that (1) no appeal is pending and (2) approval is obtained from the Clark County Prosecutor or his Assistant.

{¶ 5} Brown filed a timely notice of appeal and raises two assignments of error.

## II. Right to Allocution

{¶ 6} In his first assignment of error, Brown alleges that the trial court denied him his right of allocution prior to sentencing. Specifically, Brown contends that he did not have an opportunity to be the last person to make a statement at sentencing, which violated his right to due process. We disagree.

{¶ 7} Pursuant to Crim.R. 32(A)(1), at the time of sentencing, the trial court must "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." "If the court imposes sentence without affording the defendant an opportunity to allocute, then resentencing is

required unless the error was invited or harmless." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 200, citing *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 179. "While the defendant may waive the right of allocution, Crim.R. 32(A)(1) imposes an affirmative duty on the court to speak directly to the defendant on the record and inquire whether he or she wishes to exercise that right or waive it." *State v. Sexton*, 2d Dist. Greene No. 2004-CA-14, 2005-Ohio-449, ¶ 31, citing *State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000). The requirement of allocution is considered fulfilled when the conduct of the trial court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. *Defiance v. Cannon*, 70 Ohio App.3d 821, 828, 592 N.E.2d 884 (3d Dist.1990).

**{¶ 8}** The record reflects that both Brown and his defense counsel were personally and individually provided the opportunity to address the court in mitigation of punishment on Brown's behalf in accordance with Crim.R. 32(A). Although his counsel made a statement, Brown declined to submit anything on his own behalf. Thus, Brown was afforded his right of allocution. Nevertheless, Brown argues that his right of allocution encompassed not only his right to make a statement in mitigation, but also an opportunity to respond to the State's sentencing statements, even though his counsel responded on his behalf. We do not agree.

**{¶ 9}** In *State v. Yates*, 195 Ohio App.3d 33, 2011-Ohio-3619, 958 N.E.2d 640 (2d Dist.), we considered a similar argument. In that case, both Yates and his counsel spoke at the start of the sentencing hearing. After that, but before imposing sentence, the trial

court discussed a bondsperson's report that it then used to challenge Yates's statement. The record was unclear as to whether Yates or his counsel was aware of the report prior to their opportunity for allocution. The court then imposed sentence without letting Yates speak again. *Id.* at ¶ 23. This Court explained that a trial court errs when a defendant is given the opportunity for allocution, but then the court does not let the defendant address new information introduced and considered by the trial court before imposing sentence. *Id.* at ¶ 21. The error is presumed to be prejudicial but may be rebutted if the defendant declined to speak at the proper time or if the new evidence was extraneous. *Id.* at ¶ 22. "The error will also be harmless when the defendant does not object to the new information or if the court's reasons for the enhanced sentence are unrelated to it." *Id.*

**{¶ 10}** Having reviewed the record in this case, we conclude that no error occurred. Unlike in *Yates*, there was no new information presented to the trial court from the State's comments that were not already known to the trial court or the parties. The State's comments echoed information contained in the PSI that included a statement from Brown as to his version of events for the underlying facts of the case, as well as a police report which documented the traffic stop and resulting basis for Brown's charges. The PSI also included Brown's criminal record and his Ohio Risk Assessment Survey score. Both the parties and the trial court reviewed the PSI prior to sentencing, and it was made part of the record for our review. Therefore, Brown had an opportunity to address the information contained in the PSI when the trial court specifically inquired of him, but he declined. Because no new information was presented by the State, there was no error

in the trial court's not offering Brown a second opportunity to speak.

{¶ 11} Even if there had been error, Brown has not established any prejudice warranting reversal, and any error in not allowing him personally the opportunity to respond to the State was harmless. "The defendant has the burden of showing prejudice from the trial court's allocution error in order to compel resentencing." *State v. Brockington*, 6th Dist. Sandusky No. S-18-035, 2019-Ohio-1812, ¶ 10, citing *State v. Reynolds*, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998).

{¶ 12} Brown did not object to the prosecutor's statements at any time, but his counsel immediately responded to the State's comments on Brown's behalf, which mitigated any potential prejudice Brown could have endured. Furthermore, there was no indication in the record that Brown himself had wished to say anything on his own behalf and was cut off or that he had requested to make additional comments but was refused. Rather, he declined to make a statement when he was directly and personally offered the opportunity for allocation previously.

{¶ 13} In view of the foregoing, we conclude that Brown's right to allocution was not violated. Even if there had been error, he did not suffer any prejudice under these circumstances, and any error was harmless. The first assignment of error is overruled.

### III. Disposition of Property

{¶ 14} In his second assignment of error, Brown contends that the trial court's judgment entry was contrary to statute and violated due process of law. Specifically, Brown alleges that the judgment entry unlawfully ordered him to forfeit the money law enforcement officers seized during his traffic stop and that the order did not comply with

due process requirements for forfeitures. We do not agree with Brown's contention that the entry ordered forfeiture of the money and violated his due process rights.

**{¶ 15}** "R.C. 2981.02 allows forfeiture of property to the State pursuant to either the criminal or delinquency process in R.C. 2981.04, or the civil process in R.C. 2981.05." *State v. Jamison*, 2d Dist. Montgomery No. 23211, 2010-Ohio-965, ¶ 9. In *State v. Ihrabi*, 2017-Ohio-8373, 87 N.E.3d 267 (2d Dist.), we explained that a criminal forfeiture is initiated by incorporating a specification in the charging instrument consistent with R.C. 2941.1417 or, after the initiation of charges has occurred, by providing the defendant with prompt notice in conformity with Crim.R. 7(E). On the other hand, a civil forfeiture proceeding is initiated by the prosecutor's filing of a civil complaint in the Common Pleas Court requesting the forfeiture of property that is located within the jurisdiction of the prosecutor's political subdivision and that is alleged to be connected to an offense as contraband, proceeds, or an instrumentality. *Id.* at ¶ 14; R.C. 2981.05(A). Regardless of whether the forfeiture proceedings are initiated in the criminal or civil context, "[f]orfeiture may be ordered only after the prosecuting attorney has identified and notified parties with an interest in the property, the trial court has conducted a hearing, and the trier of fact has found that the property is subject to forfeiture." *State v. Leet*, 2021-Ohio-1334, 171 N.E.3d 835, ¶ 14 (2d Dist.). Forfeiture statutes must be strictly construed, and forfeiture may not be ordered "unless the expression of the law is clear and the intent of the legislature manifest." (Citations omitted.) *State v. Lilliock*, 70 Ohio St.2d 23, 25-26, 434 N.E.2d 723 (1982).

**{¶ 16}** R.C. Chapter 2981 permits "a law enforcement officer [to] seize property

that the officer has probable cause to believe is property subject to forfeiture." R.C. 2981.03(A)(2). "Property subject to forfeiture" is defined to include "contraband" and "proceeds" and may include "instrumentalities" that are used in or intended to be used in a criminal offense or delinquent act. *See* R.C. 2981.01(B)(6), (10), and (13). Both "instrumentality" and "proceeds" may include money. R.C. 2981.01(B)(6); R.C. 2981.01(B)(11)(a). Law enforcement agencies must safely keep any property lawfully seized until such time as it is no longer needed as evidence or for another lawful purpose. R.C. 2981.11(A). "The property is then to be disposed of pursuant to R.C. 2981.12, which governs 'unclaimed or forfeited property,' and 2981.13, which governs property ordered forfeited as contraband." *Jamison* at ¶ 30.

{¶ 17} According to the PSI, law enforcement seized several items of property during the traffic stop, including a firearm and $2,665 in U.S. currency. Brown's indictment complied with R.C. 2981.04(A)(1) and R.C. 2941.1417(A) in listing that the firearm was subject to forfeiture. The U.S. currency was not listed in the indictment, and there is no indication in the record that the State provided notice to Brown that it intended to seek forfeiture of the money.

{¶ 18} Pursuant to the plea agreement, the parties agreed, both orally and in writing, that the firearm was subject to forfeiture and that Brown would forfeit the firearm. As a result of that agreement, the trial court ordered the forfeiture of the firearm to the State. This was reflected both at the sentencing hearing and in the judgment entry. The money, however, was not ordered forfeited at either the sentencing hearing or in the judgment entry. The judgment entry provided that "any property or evidence held by law

enforcement in connection with this case, not otherwise specified in this Entry, may be *released, destroyed, converted to law enforcement use, or otherwise disposed of* sixty (60) days after the filing of this Entry provided that (1) no appeal is pending and (2) approval is obtained from the Clark county Prosecutor or his Assistant." (Emphasis added.) Judgment Entry, December 7, 2021. Thus, the court did not order that the money be forfeited to any entity.

{¶ 19} R.C. 2981.11 addresses a law enforcement agency's duty to return property in its custody to persons entitled to possession of the property. R.C. 2981.11(A)(1) provides that "(a)ny property that has been * * * otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code." Thus, "[i]f an item is potentially needed for evidence or for some other lawful purpose, it may be held. Alternatively, if the item is no longer needed, it may be returned or otherwise disposed." *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 14.

{¶ 20} In this case, there was no allegation that the money was not lawfully seized. Therefore, the police department was required to safely keep the money until it was no longer "needed as evidence or for another lawful purpose." R.C. 2981.11(A)(1). Until Brown was sentenced in his criminal case, presumably the money was maintained by law enforcement as potential evidence to be used at trial. Thus, the trial court's disposition reasonably provided that the property could be lawfully disposed of, including return of

the property, after sentencing, provided that no appeal was pending and the evidence was no longer needed. Because of the possibility of having the conviction reversed on appeal, a chance remained that the money could be needed as evidence. *See State v. Patton*, 2d Dist. Greene No. 2013-CA-41, 2014-Ohio-3000 (determining that because the possibility of an appeal and retrial of the defendant's conviction had passed, there was no longer a need for the State to maintain property that had been seized as part of a criminal case). Accordingly, not only did the trial court not order forfeiture of the money at issue, but the trial court's general order for disposition of property did not conflict with the forfeiture statute's due process requirements. We overrule Brown's second assignment of error.

## IV. Conclusion

{¶ 21} Having overruled both of Brown's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Ian A. Richardson
Donald K. Pond, Jr.
Hon. Douglas M. Rastatter