[Cite as *State v. Pruitt*, 2024-Ohio-5434.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

      CASE NO. 1-23-71

  v.

MICHAEL J. PRUITT,

      O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Allen County Common Pleas Court
Trial Court No. CR20230110

**Judgment Affirmed**

**Date of Decision:  November 18, 2024**

---

**APPEARANCES:**

    *Brian A. Smith* **for Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**ZIMMERMAN, J.**

{**¶1**} Defendant-appellant, Michael J. Pruitt ("Pruitt"), appeals the October 11, 2023 judgment of the Allen County Court of Common Pleas revoking his community control and imposing a 24-month prison sentence. For the reasons that follow, we affirm.

{**¶2**} On April 21, 2023, Pruitt waived prosecution by indictment, and the State filed a bill of information charging him with a single count of having weapons while under disability in violation of R.C. 2923.13(A)(2), (B), a third-degree felony. On June 8, 2023, Pruitt pleaded guilty to the charge in the bill of information, the trial court found him guilty, and he was sentenced to three years of community control.

{**¶3**} On October 3, 2023, the State filed a motion requesting that the trial court revoke Pruitt's community control after he violated the terms and conditions of his community-control sanctions. After determining that there was probable cause on October 4, 2023 that Pruitt violated the terms and conditions of his community control, the trial court proceeded to a final-revocation hearing on October 11, 2023 during which the trial court concluded that Pruitt violated the terms and conditions of his community-control sanctions. That same day, the trial court revoked Pruitt's community control and sentenced him to 24 months in prison. (Doc. No. 31).

{¶4} On November 9, 2023, Pruitt filed his notice of appeal. He raises two assignment of error for our review, which we will discuss together.

### First Assignment of Error

**Because the trial court failed to notify Appellant, at Appellant's original sentencing hearing, the "range from which the prison term may be imposed" as a sanction for a violation of the terms and conditions of his community control, as required under R.C. 2929.19(B)(4), the trial court's sentence of Appellant was contrary to law.**

### Second Assignment of Error

**Because the trial court did not afford Appellant his right of allocution to respond to statements made by the trial court during sentencing, as required under Crim.R. 32(A)(1), the trial court's sentence of Appellant was contrary to law.**

{¶5} In his assignments of error, Pruitt argues that his sentence is contrary to law because the trial court failed to comply with the requirements of R.C. 2929.19(B)(4) and Crim.R. 32(A)(1). In particular, Pruitt argues in his first assignment of error that the trial court failed to notify him of the *range* of the prison term that could be imposed if he violated the terms and conditions of his community-control sanctions as required by R.C. 2929.19(B)(4). Pruitt specifically argues in his second assignment of error that the trial court failed "to allow [him] to speak, following the trial court's statement," which violated his "right to allocution." (Appellant's Brief at 10).

*Standard of Review*

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. *See State v. Jung*, 2018-Ohio-1514, ¶ 14 (8th Dist.) (applying the standard of review set forth in R.C. 2953.08(G)(2) to review a sentence imposed after the defendant's community control was revoked); *State v. Jackson*, 2016-Ohio-8127, ¶ 11 (concluding that a community-control-revocation hearing is a sentencing hearing for purposes of R.C. 2929.19 and Crim.R. 32(A)(1)). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶7} We begin by addressing Pruitt's argument that his sentence is contrary to law because the trial court failed to notify him of the range of the prison term that could be imposed if he violated the terms and conditions of his community-control sanctions as required by R.C. 2929.19(B)(4). R.C. 2929.19(B)(4) governs the imposition of community control sanctions and reads, in its relevant part, as follows:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court

> shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, . . . the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the *range* from which the prison term may be imposed as a sanction for the violation, which shall be the *range* of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

(Emphasis added.) R.C. 2929.19(B)(4). *See also* R.C. 2929.15(B)(1). "Thus, '[w]hen a trial court imposes community control, it must notify the offender of the possible results of a violation of those sanctions.'" *State v. Van Den Eynde*, 2023-Ohio-1790, ¶ 5 (3d Dist.), quoting *State v. Lyle*, 2014-Ohio-751, ¶ 12 (3d Dist.).

**{¶8}** "'The court must strictly comply with this requirement and specifically state what the possible prison term may be to the offender orally at the time of sentencing.'" *Id.* at ¶ 6, quoting *Lyle* at ¶ 19. Because compliance with the mandates of R.C. 2929.14(B)(4) "'must come at the sentencing hearing, notification generally is deficient when the trial court's statements to an offender of a possible term of imprisonment occurs at a plea hearing and is not repeated at a later sentencing hearing." *State v. Brooks*, 2004-Ohio-4746, ¶ 17. Further, notification given in a trial court's entry issued after sentencing does not comport with R.C. 2929.14(B)(4). *Id.* at ¶ 18.

**{¶9}** "'Compliance with R.C. 2929.19(B)(4) is a prerequisite to imposing a prison term for a community control violation.'" *Van Den Eynde* at ¶ 7, quoting *State v. Clinton*, 2022-Ohio-717, ¶ 14 (2d Dist.). "'When a sentence fails to include

a mandatory provision, such as the notification provision under R.C. 2929.19(B)(4), it may be appealed because such a sentence is "contrary to law" and is also not "authorized by law.""" *Id.*, quoting *State v. Batty*, 2014-Ohio-2826, ¶ 22 (4th Dist.). If the trial court failed to properly notify an offender as required by R.C. 2929.14(B)(4), "the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." *Brooks* at ¶ 33. "Although a prison term is not an option at the resentencing, the trial court may choose to impose a longer time under the same sanction or impose a more restrictive sanction." *State v. Goldsberry*, 2009-Ohio-6026, ¶ 11 (3d Dist.).

{¶10} "Finally, where an offender is properly notified of a specific prison term that will be imposed upon a community control violation, the offender violates the terms of his community control, and the trial judge chooses to impose a prison term, the 'term imposed may not exceed the term the offender was originally notified of under'" R.C. 2929.19(B)(4). *Id.* at ¶ 13, quoting *Brooks* at ¶ 22. *See also Van Den Eynde* at ¶ 15 ("While changing the content of the notification from an announcement of a 'specific prison term' to a recitation of the 'range of prison terms for the offense,' the revisions to R.C. 2929.19(B)(4) have not changed the fact that a trial court is still required to 'indicate' the reserved prison term that may be imposed for a community control violation. R.C. 2929.19(B)(4)."). "However, '[b]ecause the trial judge is not required to choose a prison term under R.C. 2929.15, it follows that the trial judge could choose to impose a lesser term of imprisonment

than the one the offender was informed of under'" R.C. 2929.19(B)(4). *Goldsberry* at ¶ 13, quoting *Brooks* at ¶ 22.

{¶11} Here, Pruitt contends that his prison sentence is contrary to law because the trial court did not properly notify him of the *range* of the prison term that could be imposed if he violated the terms and conditions of his community-control sanctions. We disagree. *Accord State v. Wells*, 2021-Ohio-3278, ¶ 16 (9th Dist.) (concluding that the trial court's notification to " Wells that she could face a specific and definite prison term of eight years in the event that she violated the terms of community control" "was sufficient to comport with the requirements of R.C. 2929.19(B)(4) and R.C. 2929.15(B)"). *See also State v. Woodfork*, 2024-Ohio-2555, ¶ 51 (2d Dist.) (concluding that Woodfork's 30-month prison sentence was not contrary to law because it was "within the statutory range of prison terms available for the third-degree-felony aggravated possession offense for which his community control was imposed" and the trial court notified him "[a]t the original sentencing hearing" that the trial court could imposed a 36-month prison term).

{¶12} At Pruitt's June 8, 2023 sentencing hearing during which the trial court sentenced him to three years of community control, the trial court notified Pruitt that "[i]f the conditions of community control sanctions imposed are violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term of thirty-six months." (June 8, 2023 Tr. at 13). Further, the trial court advised Pruitt that it "intend[ed] to impose a prison term

of thirty-six months if there is a community control violation." (*Id.*). *See Van Den Eynde* at ¶ 14 ("Finally, the fact that the time reserved is now a range rather than a specified term does not significantly impact the importance of informing an offender of the most severe consequences that a community control violation may carry."). Consequently, the trial court *clearly* advised Pruitt of the maximum prison term that would be imposed if he violated the terms and conditions of his community-control sanctions.

{¶13} After the trial court determined that Pruitt violated the terms and conditions of his community-control sanctions, the trial court imposed a 24-month prison sentence. Even though the better practice would have been for the trial court to inform Pruitt of the *range* of the prison term that could be imposed if he violated the terms and conditions of his community-control sanctions, Pruitt's sentence is not contrary to law since the trial court unequivocally notified Pruitt of the maximum term that would be imposed. *Accord Wells* at ¶ 16. Indeed, to us, the trial court informed Pruitt of the top end of the range of possible prison terms, which, under the facts presented does not render his sentence contrary to law. *See State v. Monroe*, 2020-Ohio-597, ¶ 41 (2d Dist.) ("For all revocations, the prison term must be within the range of prison terms available for the offense for which community control had been imposed and the term may not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing."). Therefore, because the trial court imposed a lesser term of imprisonment, Pruitt's sentence is

not contrary to law. *See Goldsberry*, 2009-Ohio-6026, at ¶ 15 (3d Dist.) (determining that "although a trial judge may not impose a prison term exceeding the term of which the offender was originally notified, the trial judge may choose to impose a lesser term of imprisonment").

{¶14} Having determined that the trial court properly notified Pruitt as it was required to do under R.C. 2929.19(B)(4), we now turn to Pruitt's argument that his prison sentence is contrary to law because the trial court violated his right to allocution. "When sentencing an offender, a trial court must '[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.'" *State v. Johnson*, 2017-Ohio-913, ¶ 5 (9th Dist.), quoting Crim.R. 32(A)(1). "'R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing.'" *Id.*, quoting *Jackson*, 2016-Ohio-8127, at ¶ 10. "'The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment.'" *Id.*, quoting *State v. Reynolds*, 80 Ohio St.3d 670, 684 (1998).

{¶15} A trail court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say. *See State v. Fry*, 2010-Ohio-1017, ¶ 186-188; *Johnson* at ¶ 6, quoting *State v. Daniels*,

2013-Ohio-358, ¶ 14 (9th Dist.). A trial court "'"'should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."'"'" *Johnson* at ¶ 6, quoting *State v. Clegg*, 2014-Ohio-1331 ¶ 4 (9th Dist.), quoting *State v. Green*, 90 Ohio St.3d 352, 359 (2000). "When inviting a defendant to personally address the court, the exact language employed by the rule is not required; however, the invitation to speak should not be ambiguous." *State v. Masson*, 2017-Ohio-7705, ¶ 10 (7th Dist.), citing *State v. Roach*, 2016-Ohio-4656, ¶ 11 (7th Dist.). Absent invited or harmless error, resentencing "is required if an offender is not given an opportunity for allocution at the sentencing hearing following community-control revocation." *Jackson* at ¶ 15

{¶16} It is undisputed that the trial court provided Pruitt the opportunity to speak at the sentencing hearing following the revocation of his community control and that Pruitt "then gave a statement to the trial court in mitigation of sentence." (Appellant's Brief at 9). However, Pruitt contends that the trial court violated his right to allocution when he "later tried to respond to a statement from the trial court and was rebuffed . . . ." (*Id.* at 10). In other words, Pruitt contends that his right of allocution encompassed his right to make a statement in mitigation *and* an opportunity to respond to the trial court's sentencing statements. We disagree. *See State v. Brown*, 2022-Ohio-4314, ¶ 8 (2d Dist.).

{¶17} At the sentencing hearing following the revocation of his community control, the trial court personally addressed Pruitt and Pruitt's trial counsel and

provided each the opportunity to speak. Pruitt and his trial counsel each provided a statement on his behalf. *See State v. Harvey*, 2010-Ohio-1627, ¶ 15 (3d Dist.) ("The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant that he has a right to make a statement prior to the imposition of sentence.").

{¶18} Nevertheless, Pruitt contends that the trial court violated his right to allocution when he asked to "comment" on the trial court's statement that he was "given quite the opportunity given [his] record[, which reflects] bank robbery, receiving stolen property, attempted murder, felonious assault, [and] weapons charges," and the trial court stated, "No, you had your opportunity." (*Id.* at 11-12). "A trial court errs when it does not let the defendant address *new* information introduced and considered by the trial court at sentencing." (Emphasis added.) *State v. Yates*, 2011-Ohio-3619, ¶ 21 (2d Dist.). "The error is presumed prejudicial, because the defendant is prevented from speaking at the appropriate time." *Id.*

{¶19} In this case, the trial court did not violate Pruitt's right to allocution by denying him the opportunity to respond to its statements because no new information was presented. *Accord Brown* at ¶ 10 (concluding that the trial court did not violate Brown's right to allocution because "there was no new information presented to the trial court from the State's comments that were not already known to the trial court or the parties"). As a result, Pruitt's right to allocution was not violated.

**{¶20}** For these reasons, we conclude that the trial court complied with the requirements of R.C. 2929.19(B)(4) and Crim.R. 32(A)(1). Consequently, Pruitt's sentence is not contrary to law.

**{¶21}** Therefore, Pruitt's assignments of error are overruled.

**{¶22}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**