[Cite as *State v. Garver*, 2024-Ohio-6111.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

       Plaintiff-Appellee,

- vs -

CHARLOTTE G. GARVER,

       Defendant-Appellant.

CASE NO. 2024-P-0011

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00208

---

# MEMORANDUM OPINION

Decided: December 31, 2024
Judgment: Appeal dismissed

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*John P. Laczko*, Portage County Public Defender, and *Alonda Ann Bush*, Portage County Assistant Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Charlotte G. Garver ("Garver"), appeals the decision of the Portage County Court of Common Pleas, revoking her community control and imposing a previously suspended sentence of 11 months in prison. For the following reasons, we dismiss.

{¶2} On February 21, 2024, appellant, through counsel, filed a notice of appeal from the sentencing order of the Portage County Common Pleas Court in Case No. 2023 CR 0208.

{¶3}   Upon review of the judgment entry, there does not appear to be a final appealable order.

{¶4}   Appellant was convicted and sentenced to community control for Aggravated Possession of Drugs, a fifth-degree felony, and Having Physical Control of Vehicle While Under the Influence, a first-degree misdemeanor, in an entry dated August 31, 2023. The order states, "IT IS THEREFORE ORDERED Defendant is placed on the general control of the Portage County Adult Probation Department in the Intensive Supervision Program for a period of 12 months and 12 additional months under the General Division of Adult Probation, or until the Court has been notified by Portage County Adult Probation Department that the Defendant has satisfied all conditions of said community control."[1]

{¶5}   Appellant later was found to have violated the conditions of community control. A revocation hearing was held on January 22, 2024, on the Portage County Probation Department's request to revoke. Appellant was sentenced in an entry filed January 23, 2024.  The entry states that appellant shall serve 11 months "for the offense of 'Aggravated Possession of Drugs,' or until legally released." The entry does not indicate any sentence regarding the misdemeanor conviction.

{¶6}   The transcript from the January 22, 2024, hearing also sheds no light on the issue. In the transcript, the court states, "I'm going to terminate her probation, impose the previously suspended sentence of - - I'll make it eleven months instead of 12." The transcript and the order are silent as to the misdemeanor offense.

---

1. The August 31, 2023, sentencing entry fails to indicate what portion of community control is to be served on the felony conviction versus the misdemeanor conviction.

2

{¶7} "[A] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of the court." *State v. Baker*, 2008-Ohio-3330, ¶ 18.

{¶8} Further, this Court has stated: "[T]he law is clear that when only a single sentence is imposed after finding an appellant guilty of two different crimes, one of the offenses is left without a sentence, and this court is unable to determine to which offense the sentence applies . . . there is no final appealable order." *State v. Kelly*, 2021-Ohio-474, ¶ 4 (11th Dist.), quoting *State v. Garner*, 2003-Ohio-5222, ¶ 10 (11th Dist.). *See also State v. Washington*, 2021-Ohio-3883.

{¶9} Here, despite specifically referencing the misdemeanor conviction, the judgment entry does not specify a sentence for the revocation of community control on the misdemeanor conviction. As written, this Court cannot identify a sentence attributed to the misdemeanor conviction. Therefore, it is not a final and appealable order.

{¶10} If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶11} Since we lack jurisdiction to address this appeal, it is within the trial court's sole authority to resentence appellant so as to render the trial court's action reviewable on appeal.

Case No. 2024-P-0011

{¶12} Accordingly, because this Court does not have jurisdiction to proceed, this case is dismissed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

4