[Cite as *State v. Hartman*, 2026-Ohio-603.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DEANNE N. HARTMAN,

        Defendant-Appellant.

CASE NO. 2025-P-0065

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00496

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment: Appeal dismissed

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Karin L. Coble*, Law Office of Karin L. Coble, 316 North Michigan Street, Suite 600, Toledo, OH 43604 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}   Appellant, Deanne N. Hartman, appeals from a September 5, 2025 judgment entry of the Portage County Court of Common Pleas. After appellant pled guilty to Endangering Children, a fifth-degree felony, and OVI, a first-degree misdemeanor, the trial court sentenced her to 60 days in jail, 24 months of supervised probation with various mandatory terms, 2 years driver's license suspension, and imposed a $500.00 fine plus court costs.

{¶2}   Appellee, the State of Ohio, filed a motion to dismiss the appeal for lack of jurisdiction because the sentencing entry is not a final appealable order. Specifically,

appellee contends that the appeal should be dismissed because the entry does not contain a separate sentence for each offense. Appellant filed a response, conceding that the entry is not a final appealable order and requesting this court to remand the matter to the trial court. Appellee filed a reply in support of its motion to dismiss indicating that a remand is improper.

{¶3}     When an appellant is convicted of more than one offense and only a single sentence is imposed, the remaining offenses are left without a sentence, and this court is unable to determine to which offense the given sentence actually applies. *State v. Garner*, 2003-Ohio-5222, ¶ 10 (11th Dist.). *See also State v. Garver*, 2024-Ohio-6111 ¶ 8 (11th Dist.). As a result, there is no final appealable order. *Id.*

{¶4}     Here, the September 5, 2025 entry does not specify a separate sentence for each offense. Therefore, the entry is not a final appealable order.

{¶5}     If a lower court's judgment is not final, then an appellate court lacks jurisdiction to remand the matter, and the appeal must be dismissed. *State v. Sexton*, 2024-Ohio-5652, ¶ 4 (11th Dist.).

{¶6}     Accordingly, because there is no final appealable order, this court does not have jurisdiction to proceed, and this case is hereby dismissed.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-P-0065

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

It is further ordered that the stay issued by this court on September 24, 2025 is hereby dissolved.

All other pending motions are hereby overruled as moot.

Costs shall be taxed against appellant.


_____
JUDGE JOHN J. EKLUND


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE ROBERT J. PATTON,
concurs


**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.